## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| E.O. and L.J., and K.O. and E.O., Jr. by and through their parents and next friends, E.O. and L.J.; F.C., and C.J by and through his father and next friend F.C.; each individually and K.O., E.O., Jr., and C.J. on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, )<br><br>Defendant. ) | CIVIL ACTION NO.<br>4:20-12015-TSH |

_____

### PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER

Plaintiffs E.O. and L.J., and K.O. and E.O., Jr. by and through their parents and next friends, E.O. and L.J.; F.C., and C.J by and through his father and next friend F.C.; each individually and K.O., E.O., Jr., and C.J. on behalf of all others similarly situated, submit this opposition to Defendant's motion to transfer.[1]

Plaintiffs are asylum seekers who were forcibly separated from their parents or children after crossing the Southern border of the United States. Among thousands of minor children and parents who were forcibly separated from each other after entering the United States, Plaintiffs have been damaged by the Defendant's employees' tortious conduct. Plaintiffs brought this action in the judicial district in which all six of the named Plaintiffs reside: the District of Massachusetts. The Government seeks to transfer this action thousands of miles away from

---

[1] The Government filed a single motion (1) to transfer venue, and, alternatively, (2) to dismiss the original Complaint. Plaintiffs have filed a First Amended Complaint, which moots the motion to dismiss. *See Holmes v. Meleady*, 738 F. Supp. 2d 196, 201 (D. Mass. 2010). Therefore, this Opposition focuses on the Government's motion to transfer venue.

Plaintiffs' home to the Western District of Texas, where only *two* of the six Plaintiffs crossed the border.  The Government makes no real effort to meet its burden to justify the requested transfer.  It would be far *less* convenient to the parties, and likely to many witnesses, to force Plaintiffs to litigate this case in the Western District of Texas.  The Government makes no effort to show that witnesses or documents are primarily available there, because that is simply not the case.  There are no good reasons, whether in the public interest or otherwise, for transferring this case.  For the reasons explained herein, the Government has failed to meet its burden and this action should not be transferred.[2]

## ARGUMENT

FTCA claims may be prosecuted "in the judicial district where the claimant resides or where the act or omission occurred."  28 U.S.C. § 1402(b).  A case may be transferred "[f]or the convenience of parties and witnesses, in the interest of justice."  *See* 28 U.S.C. § 1404(a).  In the First Circuit, courts considering transfer of venue must consider convenience to the parties and witnesses, availability of documents, the possibility of consolidation, and the order in which the district court obtained jurisdiction.  *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000).  "The burden of proof rests with the party seeking transfer" and "there is a ***strong presumption in favor of the plaintiff's choice of forum***."  *Id.* (emphasis added).

The government has failed to meet its heavy burden to justify the requested transfer.  First, the government erroneously claims that "the majority of allegedly tortious acts or omissions occurred" in the Western District of Texas.  Dkt. 34 at 13.  But the Complaint does not allege this.  Indeed, L.J. and her children crossed the border and were placed in a detention facility in the *Southern* District of Texas. *See* First Amended Complaint ("FAC") at ¶¶ 127, 132.

---

[2] The Plaintiffs rely upon their Complaint, which is hereby incorporated by reference, and sets forth all relevant facts demonstrating that Massachusetts is the appropriate venue to litigate Plaintiffs' claims.

Additionally, the FAC asserts that K.O. and E.O., Jr. were sent from the *Southern* District of Texas to Michigan after the government took them away from their mother. *See* FAC ¶¶ 157-162.  The FAC also alleges that tortious conduct was directed *to* Massachusetts when a CBP Agent or ICE Agent called E.O. in Massachusetts and told him that his children had been separated from their mother, that the children would be placed in the custody of a social worker, and said nothing about reuniting the children with L.J. or with E.O., and E.O. completed the necessary paperwork and communicated with Government officers while in Massachusetts.  *See* FAC ¶¶ 144, 159, 163-65.

Second, the government provides no indication that pertinent witnesses currently reside in the Western District of Texas.  It is likely that some witnesses are in the Southern District of Texas, Washington, D.C., the State of Michigan, or elsewhere at this point—four years after the conduct at issue occurred.  And *all* of the plaintiffs reside in Massachusetts, as do witnesses who can testify about the emotional harm that Plaintiffs have suffered at the ends of the Defendant. Thus, while the Western District of Texas *might* be more convenient for *some* witnesses (though the Government does not explain which witnesses those might be), it is certainly not more convenient for *most* witnesses (including the *six* Plaintiffs), and creates a substantial inconvenience for the Plaintiffs.  Thus, it would be inappropriate to transfer this action to the Western District of Texas based on convenience to the parties and witnesses.  *See Boateng v. General Dynamics Corp.*, 460 F. Supp. 2d 270, 275 (D. Mass. 2006) ("The presumption in favor of a plaintiff's choice of forum renders transfer inappropriate where its effect is merely to shift the inconvenience from one party to the other." (quoting *Sigros v. Walt Disney World Co.*, 129 F. Supp. 2d 56, 71 (D. Mass. 2001)).

Third, the Government has not given any indication that relevant documents are available

in the Western District of Texas.  Again, it is possible—in fact, likely—that relevant documents

are located in other districts, including the Southern District of Texas, the District of Columbia,

one of the federal districts of Michigan, and the District of Massachusetts.  Moreover, "since

most records and documents now can be transported easily or exist in miniaturized or electronic

form … their location is entitled to little weight."  *Id.* at 476.

 Finally, the Government argues that the public interest favors transfer.  But this factor is,

at best, neutral.  The Government cites the fact that the Western District of Texas has a local

interest in the behavior of government agents operating in Texas and the conditions of facilities

there.  Dkt. 34 at 14.  While this may be true, Massachusetts also has a substantial interest in this

matter, as it "has a substantive social policy of protecting its citizens and providing a forum for

redress of grievances."  *Boateng*, 460 F. Supp. 2d at 277 (quoting *Nowak v. Tak How Inv., Ltd.*,

899 F. Supp. 25, 34 (D. Mass. 1995)).  The Government also asserts that the public interest

favors Texas because Texas law applies to Plaintiffs' claims.  Plaintiffs dispute that Texas law

applies to their claims (Massachusetts or Michigan law may also apply).  And in any event,

applicable law is not a determinative factor in this case that raises common tort claims.  *See*

*Trans Nat'l Travel, Inc. v. Sun Pacific Intern. Inc.*, 10 F. Supp. 2d 79, 82 (D. Mass. 1998)

(denying motion to transfer even though Arizona law applied to plaintiff's claim where the "legal

issues . . . [were] straightforward and this Court has experience in applying the law of other

states"); *First State Ins. Co. v. XTRA Corp.*, No. 21-CV-11855-NMG, 2022 WL 344445, at *6

(D. Mass. Feb. 3, 2022) ("[J]udicial familiarity with applicable substantive law is given

'significantly less weight' where the case involves 'basic or well-established, as opposed to

complex or unsettled' issues of state law.").

 Given the "strong presumption" in favor of the plaintiff's choice of forum, and the fact

that every named plaintiff resides in this District, this case should not be transferred out of the

District of Massachusetts.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court deny Defendant's motion to

transfer and maintain this action in Plaintiffs' choice of forum, the District of Massachusetts.

Respectfully submitted,

E.O. and L.J., and K.O. and E.O., Jr. by and through
their parents and next friends, E.O. and L.J.; F.C.,
and C.J by and through his father and next friend
F.C.; each individually and K.O., E.O., Jr., and C.J.
on behalf of all others similarly situated,

By their attorneys,

 */s/ Joseph M. Cacace*
Howard M. Cooper (BBO # 543842)
Joseph M. Cacace (BBO # 672298)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
jcacace@toddweld.com

Susan B. Church (BBO # 639306)
Derege Demissie (BBO # 637544)
Heather Yountz (BBO # 669770)
Brittanie Allen (BBO # 697561)
DEMISSIE & CHURCH
929 Massachusetts Avenue, Suite 01
Cambridge, MA 02139
(617) 319-2399
sbc@demissiechurch.com
dd@demissiechurch.com

Jeff Goldman (BBO # 548056)
THE LAW OFFICES OF JEFF GOLDMAN LLP
125 Washington Street, Ste. 204

5

Salem, MA 01970
(781) 704-3897
Jeff@jeffgoldmanimmigration.com

David A. Vicinanzo (*pro hac vice* forthcoming)
Nathan P. Warecki (BBO# 687547)
Lauren Maynard (BBO# 698742)
NIXON PEABODY LLP
53 State Street, Exchange Place
Boston, MA 02109
(617) 345-1000
dvicinanzo@nixonpeabody.com
nwarecki@nixonpeabody.com
lmaynard@nixonpeabody.com

Iván Espinoza-Madrigal (*pro hac vice* forthcoming)
Oren N. Nimni (BBO # 691821)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 988-0624
iespinoza@lawyersforcivilrights.org
onimni@lawyersforcivilrights.org

Dated:  April 11, 2022

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on April 11, 2022, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Lauren A. Maynard*
Lauren A. Maynard