UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| K.O., et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | Civil Action No. 20-12015-TSH |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER

Plaintiffs' opposition brief confirms that the Court should transfer this action to the Western District of Texas, where most of the alleged conduct in this case occurred. Indeed, because the vast majority of events giving rise to Plaintiffs' claims took place in Texas, Plaintiffs do not dispute that they *could* have brought suit—i.e., that venue would be proper—in the Western District of Texas. The sole question for purposes of Defendant's transfer motion is therefore "whether convenience and the interests of justice warrant transfer." *Karmaloop, Inc. v. ODW Logistics, Inc.*, 931 F. Supp. 2d 288, 290 (D. Mass. 2013). Tellingly, Plaintiffs' opposition does not meaningfully address or refute some of the most compelling factors bearing on convenience and the interests of justice—including that there is a substantially similar lawsuit already pending in the Western District of Texas, with another potentially on the way; that Plaintiffs seek to bring a nationwide class action (making their own residence in Massachusetts less relevant); and that the people most familiar with the critical facts of this case—i.e., the circumstances surrounding Plaintiffs' arrests, detention, and separation—are likely located in Texas. Instead, Plaintiffs' opposition largely rests on three arguments, none of which has merit.

I. **ARGUMENT**

*First*, Plaintiffs seek to avoid transfer by incorrectly asserting that this Court must apply a "strong presumption" in favor of their preferred forum—by mere virtue of the fact that it was their choice. *See* Opposition Brief (Opp. Br.) at 2, 4 (ECF No. 39). In simply invoking that blanket proposition, however, Plaintiffs fail to explain or even identify the considerations bearing on whether—and, if so, how strongly—such a presumption applies. As this Court has explained, a plaintiff's choice of forum "is not a trump card for all plaintiffs opposing transfer." *DSM Research, B.V. v. Verenium Corp.*, 686 F. Supp. 2d 159, 161 (D. Mass. 2010). Instead, "the weight accorded to a plaintiff's choice of forum varies with the circumstances of the case." *Johnson v. New York Life Ins. Co.*, No. 12-11026-MLW, 2013 WL 1003432, at *3 (D. Mass. Mar. 14, 2013); *see also, e.g.*, *Bowen v. Elanes New Hampshire Holdings, LLC*, 166 F. Supp. 3d 104, 108 (D. Mass. 2015) ("the presumption is not dispositive and 'may give way to other overriding considerations'" (citation omitted)); 15 Charles Alan Wright, Arthur R. Miller, and Richard D. Freer, Practice and Procedure § 3848 (4th ed. 2022) ("Plainly, context is important").

To that end, this Court has routinely declined to afford meaningful weight to a plaintiff's choice of forum "where *the operative facts of the case* have no material connection with this district.'" *U.S. ex rel. Ondis v. City of Woonsocket, Rhode Island*, 480 F. Supp. 2d 434, 436 (D. Mass. 2007) (emphasis added, citation omitted); *see also, e.g.*, *Rosenthal v. Unum Grp.*, No. 17-40064-TSH, 2018 WL 1250483, at *1 (D. Mass. Mar. 12, 2018) ("when the plaintiff's choice of forum has little or no connection to the operative facts of the case . . . the court may afford less weight to their choice"). That is precisely the case here. There is no reasonable dispute that the operative facts of this case concern Plaintiffs' unlawful entry into the country; Defendant's prosecution and detention of the plaintiff parents; Defendant's designation of the plaintiff children

as unaccompanied minors; and the resulting separation of the plaintiff parents and the plaintiff children.  Yet, none of the Plaintiffs entered the country in Massachusetts.  None of the Plaintiffs were prosecuted or detained in Massachusetts.  And none of the Plaintiffs were separated from one another in Massachusetts.  Accordingly, this Court need not afford Plaintiffs' choice of forum much weight, if any.[1]

That is especially true where, as here, the plaintiffs seek to represent a nationwide class. *See* Amended Complaint (ECF No. 41) ¶ 198 ("Plaintiffs K.O., E.O., Jr., and C.J. seek to represent a nationwide class").  Although Defendant disputes that certifying a class would be proper under the FTCA, the inquiry at this stage is whether transfer is warranted considering, among other factors, that Plaintiffs purport to bring a putative class action.  *See In re Warrick*, 70 F.3d 736, 741 n.7 (2d Cir. 1995) ("the plaintiff's choice of forum is a less significant consideration in a (here, putative) class action than in an individual action").  And as this Court has explained, "[a] plaintiff's choice of forum is less significant . . . in the context of class actions," *Johnson*, 2013 WL 1003432, at *3, particularly given that—in a purported nationwide class action—plaintiffs seek to represent the rights of others who are not residents of, or located in, the chosen forum.  *See, e.g., Ridenti v. Google LLC*, 530 F. Supp. 3d 164, 168 (D. Mass. 2021) ("[plaintiff's] choice is accorded less weight here, wherein plaintiff asserts class claims in a second-filed putative class

---

[1] Moreover, Plaintiffs' suggestion that one plaintiff allegedly suffered emotional distress in Massachusetts, Opp. Br. at 3, and that some witnesses in Massachusetts might testify about Plaintiffs' alleged emotional distress damages, *id.*, does not cut in favor of their preferred forum, given that the viability of their emotional distress claims and availability of emotional distress damages would largely depend on the lawfulness of Defendant's actions outside of Massachusetts. *See Mateo v. Univ. Sys. of New Hampshire*, No. 18-11953-FDS, 2019 WL 199890, at *8 (D. Mass. Jan. 14, 2019) (granting transfer despite claims of emotional distress occurring in Massachusetts because "the emotional-distress claims [were], at best, derivative of the other claims").

action"); Wright & Miller, *supra*, § 3848 ("in representative actions, where the plaintiff seeks to vindicate rights of others the plaintiff's venue preference is weakened").

*Second*, Plaintiffs are incorrect that Defendant has not provided any "indication that pertinent witnesses currently reside in the Western District of Texas." Opp. Br. at 3. As Defendant explained in its opening memorandum, Plaintiffs' allegations themselves made clear that the pertinent actions in this case—Plaintiffs' illegal entry into the United States, as well as Plaintiffs' apprehension, detention, and separation from each other—occurred in the Western District of Texas. *See* Memo. in Support of Transfer Motion at 13–14 (ECF No. 34). Defendant thus reasonably and logically asserted that "most of the anticipated witnesses are located outside [of Massachusetts] – indeed many of them presumably in the Western District of Texas." *Id.* at 13. Notably, this Court and others have transferred cases where the plaintiff's factual allegations themselves demonstrated that "the underlying events" occurred in another forum, such that, "[t]o the extent the parties require evidence or testimony from non-parties, they [would be] located [in that other forum]." *Wadhams v. Am. Federation of Teacher*, No. 19-12098-LTS, 2020 WL 3129480, at *3 (D. Mass. June 12, 2020); *see also, e.g.*, *Avci v. Brennan*, 232 F. Supp. 3d 216, 219 (D. Mass. 2017) ("plaintiff's amended complaint in this case contains only allegations against USPS personnel in New York not in Massachusetts and thus the witnesses and documents are *presumably* located there" (emphasis added)). That commonsense conclusion likewise supports transfer here.[2]

---

[2] Plaintiffs' original complaint, filed before Defendant's motion to transfer, plainly showed that much of the operative facts in this case occurred in the Western District of Texas. *See, e.g.*, Complaint (ECF No. 1) ¶ 43 (alleging that "Defendant's employees at DHS began separating children from their parents in secret in the El Paso section of the border in West Texas"); ¶ 162 (alleging detention of L.J. in Taylor, Texas); ¶ 168 (alleging that F.C. and C.J. entered the U.S. in El Paso, Texas). Moreover, the fact that Plaintiffs' amended complaint, filed after Defendant's motion to transfer, purports to provide more detail suggesting that pertinent actions *also* occurred

4

And insofar as Plaintiffs argue that Defendant must specifically identify potential trial witnesses in Texas to justify transfer, they are incorrect. *See* Opp. Br. at 3 (acknowledging that "the Western District of Texas *might* be more convenient for *some* witnesses" while criticizing Defendant for not naming "which witnesses those might be"). Of course, no single factor in the transfer analysis is dispositive such that either party's ability or inability to identify specific witnesses at this stage could automatically dictate the Court's resolution. But even considering the convenience of non-party witnesses as an important factor, Plaintiffs are wrong to suggest that this Court cannot order transfer unless Defendant specifically names individual witnesses located in the proposed transferee forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981) (rejecting contention that defendants seeking transfer "must submit affidavits identifying the witnesses they would call and the testimony these witnesses would provide if the trial were held in the alternative forum").

*Third*, Plaintiffs argue that, in weighing the benefits of transfer, the public interest "is, at best, neutral," Opp. Br. at 4—but they do not address some of the most significant factors bearing on this inquiry. For instance, in evaluating the public interest, district courts "can and should consider" the potential for "consolidation" with a pending action in the proposed transferee forum. *Wiley v. Gerber Prod. Co.*, 667 F. Supp. 2d 171, 173 (D. Mass. 2009); *see also Johnson*, 2013 WL

---

in the Southern District of Texas only further supports transfer; it certainly does not militate against transfer. That is because, even if several non-party witnesses are also located in the Southern District of Texas, there can be no reasonable dispute that transferring this action to the Western District of Texas would be more convenient for those witnesses than if this matter stayed in the District of Massachusetts. *See* Fed. R. Civ. P. 45(c)(1)(A)-(B) (subpoena may command a non-party to attend a trial, hearing, or deposition only "within 100 miles of" or, in certain circumstances, "within the state where" the person "resides, is employed, or regularly transacts business in person"); *cf. ViaTech Techs., Inc. v. Adobe Inc.*, No. 19-11177-ADB, 2020 WL 1235470, at *3 (D. Mass. Mar. 13, 2020) ("Typically, it is not the convenience of the parties, but rather the convenience of the witnesses, that is the most important factor in considering a motion to transfer venue").

1003432 ("the pendency of related litigation in the transferee forum weighs heavily in favor of transfer"). Here, however, Plaintiffs ignore the fact that there is a substantially similar FTCA case already pending in the Western District of Texas, *see C.M., et al v. v. United States*, No. 21-cv-00234-JKP-ESC (W.D. Tex.), with another potentially on the way, *see C.D.A. et al v. United States*, No. 21-cv-00469-EGS (E.D. Pa.) (pending motion to transfer to W.D. Tex.). As always, "context is important." Wright & Miller, *supra*, § 3848. Thus, "the proper inquiry is not whether Massachusetts is more convenient than [the Western District of Texas] in the abstract but instead whether sanctioning a second, nearly identical action here is more convenient than transferring the case for the purpose of consolidation." *Wiley*, 667 F. Supp. 2d at 173. And Plaintiffs' opposition simply does not address—much less argue against—the significant benefits in judicial economy and consistency of judgments that would be gained from transfer and consolidation.

## II.  CONCLUSION

For these reasons and those explained in Defendant's initial memorandum (ECF No. 34), the Court should grant Defendant's motion to transfer.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:  */s/ Rayford A. Farquhar*
RAYFORD A. FARQUHAR
Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
One Courthouse Way - Suite 9200
Boston, MA 02210
(617) 748-3100
rayford.farquhar@usdoj.gov

Dated: April 28, 2022

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                            */s/ Rayford A. Farquhar*
                                            RAYFORD A. FARQUHAR
                                            Assistant United States Attorney

Dated: April 28, 2022