UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| K.O. and E.O., Jr., by and through their parents and next friends, E.O. and L.J.; and C.J, by and through his father and next friend F.C.; each individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Case No. 4:20-cv-12015-TSH<br><br>**LEAVE TO FILE GRANTED<br>ON SEPTEMBER 8, 2022<br>ECF NO. 66** |

## PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER THIS ACTION TO THE WESTERN DISTRICT OF TEXAS, OR ALTERNATIVELY TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Howard M. Cooper (BBO # 543842)
Joseph M. Cacace (BBO # 672298)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
jcacace@toddweld.com

David A. Vicinanzo (*pro hac vice*)
Nathan P. Warecki (BBO# 687547)
Lauren Maynard (BBO# 698742)
NIXON PEABODY LLP
53 State Street, Exchange Place
Boston, MA 02109
(617) 345-1000
dvicinanzo@nixonpeabody.com
nwarecki@nixonpeabody.com
lmaynard@nixonpeabody.com

Susan B. Church (BBO # 639306)
Derege Demissie (BBO # 637544)

DEMISSIE & CHURCH
929 Massachusetts Avenue, Suite 01
Cambridge, MA 02139
(617) 319-2399
sbc@demissiechurch.com
dd@demissiechurch.com

Jeff Goldman (BBO # 548056)
THE LAW OFFICES OF JEFF GOLDMAN LLP
125 Washington Street, Ste. 204
Salem, MA 01970
(781) 704-3897
Jeff@jeffgoldmanimmigration.com

Iván Espinoza-Madrigal (*pro hac vice*
forthcoming)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 988-0624
iespinoza@lawyersforcivilrights.org

*Counsel for Plaintiffs*

September 8, 2022

Defendant's Reply Brief ignores the recent orders in other family separation cases denying the United States' motions to transfer or dismiss making virtually identical arguments as those advanced here.[1] Defendant also largely ignores the horrifying facts underlying Plaintiffs' claims and the conduct of Defendant's employees and agents that traumatized the Plaintiffs in this case.[2] Instead, Defendant strains mightily to persuade the Court to transfer this case to the Western District of Texas in a transparent attempt at forum-shopping even though all six named Plaintiffs reside in Massachusetts and Defendant has not identified a single witness in Texas. Defendant is seeking to avoid legal accountability under the Federal Tort Claims Act (FTCA) for the brutal misconduct of its employees and agents in forcibly separating the Plaintiffs, and thousands of young children and parents, from one another while holding them in civil immigration detention. That misconduct was unconscionable and this Court should hold the United States liable for the harm that it caused to Plaintiffs and thousands of others like them.

## I. This Case Should Remain In the District of Massachusetts, Where Each Plaintiff Resides and Where Many Witnesses of the Resulting Harm to Plaintiffs Are Located

That almost half of Defendant's Reply Brief is focused on transferring this case to another District in another Circuit speaks volumes. Defendant is simply trying to move the case to a District and Circuit that it views as less receptive to Plaintiffs' claims. Forum shopping is not what the transfer statute is for. Indeed, transferring the case to any other forum would do violence to the First Circuit's directive that "there is a ***strong presumption in favor of the plaintiff's choice of forum***." *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000)

---

[1] *See, e.g.*, *F.R. v. United States*, 2022 WL 2905040, at *1 (D. Ariz. July 22, 2022); *A.F.P. v. United States*, 2022 WL 2704570, at *1 (E.D. Cal. July 12, 2022); *D.J.C.V. v. U.S.*, 2022 WL 1912254 (S.D.N.Y. June 3, 2022); *Wilbur P.G. v. U.S.*, No. 4:21-CV-04457 (DN 44) (N.D. Cal. May 10, 2022); *A.I.I.L. v. Sessions*, 2022 WL 992543, at *2 (D. Ariz. Mar. 31, 2022); *Nunez Euceda v. U.S.*, 2021 WL 4895748 (C.D. Cal. Apr. 27, 2021); *A.P.F. v. U.S.*, 492 F. Supp. 3d 989 (D. Ariz. 2020); *C.M. v. U.S.*, 2020 WL 1698191 (D. Ariz. Mar. 30, 2020).
[2] *See generally* C. Dickerson, "The Secret History of Family Separation," *The Atlantic* (Aug. 7, 2022), *available at* https://www.theatlantic.com/magazine/archive/2022/09/trump-administration-family-separation-policy-immigration/670604/ (hereafter "The Secret History of Family Separation").

(emphasis added); *see also* 28 U.S.C. § 1402(b) (emphasis added) (FTCA claims may be filed "***in the judicial district where the claimant resides*** or where the act or omission occurred").[3]

Defendant has failed to meet its burden to overcome the presumption in favor of the Plaintiffs' chosen venue—the district where they reside and where E.O. was living and located at all relevant times. Defendant has not identified a single witness in Texas.[4] On the other hand, each of the Plaintiffs and many witnesses with knowledge of the harm that Defendant caused are located in Massachusetts. Likewise, Defendant has not identified any documents in Texas, as opposed to Washington, D.C., Massachusetts, or another location. Nor has Defendant explained why, in the era of electronic document storage and production, the records are not just as easily retrieved and produced with the case in Massachusetts. Plaintiffs should not be forced to travel thousands of miles to litigate this case. That would amount to nothing more than harassment.

Defendant points to cases that purportedly undermine the presumption in favor of Plaintiffs' chosen forum, but those cases are distinguishable in that they often involve a plaintiff who is "a nonresident of the chosen forum" and other factors (none of which is present here) that weigh in favor of litigating in a different forum. *See Rosenthal v. Unum Grp.*, No. 17-CV-40064-TSH, 2018 WL 1250483, at *1, 4 (D. Mass. Mar. 12, 2018) (transferring to Kansas, where plaintiff resided, where most witnesses were located, and all operative facts other than issuance of insurance policy took place); *U.S. ex rel. Ondis v. City of Woonsocket, Rhode Island*, 480 F. Supp. 2d 434, 435 (D. Mass. 2007) (transferring to Rhode Island where plaintiff and all

---

[3] The case that Defendant cites for the proposition that the plaintiff's chosen forum "is not a trump card," actually ***denied*** the defendant's motion to transfer. *See DSM Research, B.V. v. Verenium Corp.*, 686 F. Supp. 2d 159, 161 (D. Mass. 2010) (denying motion to transfer because California would be less convenient to plaintiff).

[4] Defendant relies on *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 n.26 (1981), for the proposition that a moving party need not identify witnesses residing in the transferee forum. But *Piper Aircraft* addressed dismissal for *forum non conveniens*, not transfer under 28 U.S.C. § 1404(a), which the Court observed is "not directly comparable." Indeed, the Court cited to Court of Appeals cases suggesting that an affidavit *is* required under § 1404(a). *Id.* In any event, the Court held that "defendants must provide enough information to enable the District Court to balance the parties' interests," which they did there by submitting "affidavits describing the evidentiary problems they would face." *Id.* at 258. Defendant has not even attempted to do that here and has therefore not met its burden of proof.

defendants resided in Rhode Island, all witnesses were in Rhode Island, and dispute involved claims that city and local officials made misrepresentations about affordable housing in Rhode Island); *Karmaloop, Inc. v. ODW Logistics, Inc.*, 931 F. Supp. 2d 288, 290 (D. Mass. 2013) (transferring contract dispute to Ohio where related action was pending and contract had Ohio forum selection clause); *Johnson v. New York Life Ins. Co.*, No. C.A. 12-11026-MLW, 2013 WL 1003432, at *3 (D. Mass. Mar. 14, 2013) (transferring to New York where defendant identified witnesses in New York and related case filed by same plaintiff law firm was pending there).

That this case is a putative class action does not change the analysis. First, there is no certified class nor is there even a class certification motion pending yet. Therefore, at this point, the parties to this action are the six Plaintiffs and the United States. "[I]n considering venue, the inquiry must be focused only on the named Plaintiffs and not the potential class members." *Joseph v. Liberty Nat. Life Ins. Co.*, 2008 WL 2026006, *1 (S.D. Fla. 2008); *Ray v. American Airlines, Inc.*, 2008 WL 2323923, *7 (W.D. Ark. 2008) (fact that class might later be certified did not justify transfer). Defendant's principal support for its argument is a footnote in an opinion from another Circuit ***reversing*** an order transferring a putative class action. *See In re Warrick*, 70 F.3d 736, 741 n.7 (2d Cir. 1995).[5] Where, as here, the Plaintiffs' choice of forum is home to Plaintiffs and key witnesses, "a plaintiff's choice of forum is entitled to significant weight that is not materially diminished merely because the case is a class action." *Byerson v. Equifax Information Services, LLC*, 467 F. Supp. 2d 627, 633 (E.D. Va. 2006).

Defendant continues to distort the allegations in the First Amended Complaint, but the

---

[5] The District Court decisions Defendant cites are not persuasive because they involved later filed putative class actions related to earlier filed putative class actions pending in other jurisdictions. *See Ridenti v. Google LLC*, 530 F. Supp. 3d 164, 168 (D. Mass. 2021); *Johnson*, 2013 WL 1003432, at *3. The same is true of an individual action that Defendant cites in favor of transfer due to the possibility of consolidation. Transfer was ordered there in favor of an *earlier filed* action. *See Wiley v. Gerber Prod. Co.*, 667 F. Supp. 2d 171 (D. Mass. 2009).

relevant facts are simple and straightforward: L.J. and her two children (K.O. and E.O., Jr.) crossed the border, were detained, and separated in the *Southern* District of Texas. (*See* FAC at ¶¶ 127, 132, 157-62). F.C. and his son C.J., on the other hand, were separated in the *Western* District of Texas. (*Id.* ¶ 174.) In other words, three Plaintiffs were separated in one district and two others were separated in a *different* district. **But all six Plaintiffs reside one district—Massachusetts—where many witnesses concerning the harm to them are also located**. (*Id.* ¶¶ 12, 15, 170-73, 192-96.) In light of the fact that Defendant has not identified a single witness in any district in Texas, and that litigating this case in Texas would be extremely inconvenient and unfairly prejudicial to Plaintiffs, Massachusetts is the appropriate venue for this case.

In arguing that "the possibility of consolidation" with two unconsolidated cases in the Western District of Texas favors transfer, Defendant ignores the First Circuit's directive that district courts must consider "the order in which [the] district courts obtained jurisdiction." *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). This Court obtained jurisdiction when the original Complaint was filed on November 9, 2020 (ECF No. 1), long before the Western District of Texas obtained jurisdiction in either case. *See C.M.-D.V. v. United States*, No. 5:21-cv-00234 (W.D. Tex.) (complaint filed March 8, 2021, ECF No. 1); *D.A., et al. v. United States*, No. 20-cv-3082 (N.D. Ill.) (transferred to W.D. Tex. on August 25, 2022, No. 3:22-cv-00295, ECF No. 88). Defendant makes no effort to explain why the cases should or would be consolidated, particularly where there is no motion pending to consolidate the two cases in the Western District of Texas.

Finally, Defendant tellingly ignores the many other cases that have rejected the United States' motions to transfer family separation cases, even where the Government argued that consolidation favored transfer. *See, e.g.*, *A.I.I.L.*, 2022 WL 992543, at *10; *Nunez Euceda*, 2021

WL 4895748, at *4; *E.L.A. v. U.S.*, No. 2:20-CV-01524-RAJ (DN 36) (W.D. Wash. June 3, 2022); *Wilbur P.G.*, slip op. at 4-7; *see also A.F.P.*, 2022 WL 2704570, at *4-9 (transfer "would merely shift the burden from the government to plaintiffs of limited means"). Indeed, Plaintiffs are unaware of a *single* family-separation case that was transferred from Plaintiffs' home state.[6]

In sum, Defendant has not met its burden to prove that transferring this action from Plaintiffs' home forum to one thousands of miles away would be in the interest of justice.[7]

## II. The Plaintiff Parents' Claims are Timely

Defendant's attempt to avoid liability to the Plaintiff parents by challenging their claims as untimely should be rejected. First, the Plaintiff parents' claims relate back to the filing of the Original Notice. Defendant agrees that the Original Notice and the First Amended Notice were timely. Defs.' Br. at 7. Defendant also does not dispute that all the facts supporting the Plaintiff parents' claims were laid out in both the Original Notice and the First Amended Notice or that the parents were identified by pseudonym. *See id.* Rather, Defendant argues only that because the Plaintiff parents were not specifically listed as "claimants" until the Second Amended Notice, their claims do not relate back. But where, as here, "the original claim for the child[ren] *did* . . . put the government on notice of the fact, nature, [and] amount[8] of the parents' claims," the parents claims will be deemed to relate back to the original filing of the children's claims. *Lee v. United States*, 980 F.2d 1337, 1339 (10th Cir. 1992) (emphasis added); *see also Avila v. INS*, 731 F.2d 616, 620 (9th Cir.1984) (amendment "related back" because father's name on original claim

---

[6] The recent transfer in *D.A., et al. v. United States*, No. 20-cv-3082 (N.D. Ill.), occurred after plaintiffs settled with the ORR contractor based in Illinois, which was the only connection to that state. Plaintiffs did not reside in Illinois.
[7] Plaintiffs disagree with Defendant's unsupported assertion that Texas law governs. The law of Massachusetts, Michigan, the District of Columbia, or Texas might apply depending on the claim at issue. Resolution of those issues will require a complex conflict of law analysis, which is premature now. *See, e.g., Texas Hill Country Landscaping, Inc. v. Caterpillar, Inc.,* 522 F. Supp. 3d 402, 411 (N.D. Ill. 2012) (choice of law analysis premature because "discovery could significantly affect the choice of law analysis").
[8] Since the Original and First Amended Notices asserted the same amount for each child, it was apparent that the parents' claims would be for the same amount as well.

5

for incompetent son put government on notice of father as potential additional claimant).

Second, even if the Second Amended Notice does not "relate back," it should be deemed an amendment of the prior timely notices because it did not "materially change" the Plaintiffs' original claims. Federal regulations clearly allow for amendments to FTCA administrative claims at any time prior to final agency action. *See* 28 C.F.R. § 14.2(c). The persons, facts, and claims recited in the Original Notice, the First Amended Notice, and the Second Amended Notice are the same. The only substantive change is that the Plaintiff parents are not specifically referred to as "Claimants" until the Second Amended Notice.  Defendant seeks to ignore the actual language in the administrative claims, however, so it can characterize the Plaintiff parents as *new* claimants and bar the parents' claims.  The Defendant's hyper technical argument overlooks the totality of the FTCA claim notices and misconstrues the express listing of the Plaintiff parents as a "material change." The prior claims put the Government on notice of the Plaintiff parents' claims and they should be deemed timely. *Cf.* Fed. R. Civ. P. 1 (rules "should be construed, administered, and employed. . . to secure the just . . . determination of every action").

Finally, the Plaintiff parents' claims should be equitably tolled such that the claims are deemed timely. Defendant's only argument against doing so is that the Plaintiff parents "have not identified any circumstances" that "prevented them—but not their children—from timely filing administrative claims." Defs. Br. at 10. That is not so. The Plaintiff parents have proceeded throughout this and related litigation with caution from the outset. Indeed, when Plaintiffs first sought to proceed under pseudonyms, they expressly stated as a basis for that request their fear of retribution in their home countries of Guatemala if the parents' identities were exposed. *See K.O., et al. v. Sessions, et al*, No. 4:18-CV-40149-TSH (D. Mass.) ECF No. 12-2, Decl. of L.J. ¶¶ 4, 5, 7 (E.O.'s father and brothers were killed in Guatemala and L.J. and her children were

threatened after she reported the killers to the local prosecutor, so she "fear[s] that if our names become public, the killers [of E.O.'s family members in Guatemala] will track us and harm us . . . [and] heightened public notoriety will make our return to Guatemala even more dangerous"); *id.* ECF No. 12-1, Decl. of F.C. ¶ 5 (fear of "[o]rganized crime members who worked in concert with the police [and] extorted [F.C.] for money, and threatened to kill [his] family" in Guatemala). The Plaintiff parents' common-sense calculation was that they would be more readily identifiable than their children would be (both by those who might harm them in Guatemala, and by United States government authorities, since the parents were the primary immigration applicants). Therefore, the Plaintiff parents were reluctant to put themselves and their identities forward and risk the safety of their children and their families in Guatemala. In any event, a request for equitable tolling requires a fact-intensive inquiry, after discovery, which is inappropriate at the pleading stage. *See, e.g., Duke v. Cmty. Health Connections, Inc.*, 355 F. Supp. 3d 49, 58 (D. Mass. 2019). As a result, this Court should equitably toll the limitations period, or delay ruling on the issue until after discovery, and permit the Plaintiff parents' FTCA claims to go forward. *See United States v. Wong*, 575 U.S. 402, 410-12, 420-21 (2015).

**III.     This Court Has Subject Matter Jurisdiction Over Plaintiffs' Claims**

     **A.  The Discretionary Function Exception (DFE) Is No Bar To Plaintiffs' Claims**

"[T]he discretionary function exception does not shield the government from liability for unconstitutional conduct." *A.F.P.*, 2022 WL 2704570, at *12-13 (denying motion to dismiss under DFE where complaint plausibly alleged family separation violated plaintiffs' constitutional rights); *see also F.R.*, 2022 WL 2905040, at *5.

Defendant persists in its attempt to import into the law governing FTCA claims against the United States the entirely inapplicable doctrine of qualified immunity. Qualified immunity,

7

which only applies to damages claims against individual government officials or employees, has no place under the FTCA, which involves claims against the United States itself. Two more courts have recently rejected this argument in family separation cases. The court in *A.F.P.* rejected the Government's argument that the qualified immunity doctrine should be imported into FTCA claims against the United States itself. The *A.F.P.* court did so because there, as here, "[t]he government has cited no caselaw that supports their argument for such an expansion of the exception, and the qualified immunity decisions they cite do not pertain to FTCA claims." *Id.* at *13; *see also F.R.*, 2022 WL 2905040, at *5 (rejecting application of qualified immunity to FTCA claims). Defendant does not address those cases, nor any of the recent family separation cases cited in Plaintiffs' Opposition. Because Plaintiffs plausibly alleged that Defendant violated the constitution,[9] the DFE is inapplicable.

Plaintiffs rely on their Opposition Brief for the remaining points raised in Defendant's Reply, except to point out that the "conduct underlying Plaintiffs' claims" was not, as Defendant claims, "the decisions to refer the plaintiff parents for prosecution and detain them separately from the plaintiff children." Def.'s Reply at 12, 13-14, The decision to separate families came first and that (along with the consequences from it) are what Plaintiffs challenge. Prosecution, on the other hand, was only a pretext. *See* FAC ¶¶ 36-69. "Trump-administration officials . . . declared that separating families was not the goal of the policy, but an unfortunate result of prosecuting parents who crossed the border illegally with their children. Yet a mountain of evidence shows that this is explicitly false: Separating children was not just a side effect, but the intent." *See* The Secret History of Family Separation, *supra*. The DFE does not apply here.

### B.  The Due Care Exception (DCE) Does Not Bar Plaintiffs' Claims

---

[9] In any event, many of the constitutional violations *were* in fact clearly established. *See* Pls.' Br. at 25 n.14.

Defendant barely musters an argument concerning the DCE. Defendant contends only that the DCE bars Plaintiffs' claims "insofar as they rest on Defendant's decision to transfer the plaintiff children to the custody of ORR." Defs. Reply at 14. But, as Plaintiffs made clear in their Opposition Brief and above, this case is not about the decision to transfer the Plaintiff children to ORR custody. This case is about the deliberate decision to forcibly separate children from their families for the purpose of deterring immigration. That Defendant sought to use the TVPRA as an after-the-fact justification for the decision to forcibly separate families does not trigger the DCE. That is because there is no statute or regulation that even permits, much less mandates, the forcible separation of children from their families to deter immigration. *See* 28 U.S.C. § 2680(a) (DCE applies where government employee is "exercising due care, in the execution of a *statute or regulation*"); *Garcia-Feliciano v. United States*, No. 12-CV-1959, 2014 WL 1653143, *4 n.8 (D.P.R. Apr. 23, 2014); *D.J.C.V.*, 2022 WL 1912254, at *18; *A.I.I.L.*, 2022 WL 992543, at *5; *Nunez Euceda*, 2021 WL 4895748, at *4; *A.P.F.*, 492 F. Supp. 3d at 996; *C.M.*, 2020 WL 1698191, at *3; *Wilbur P.G.*, slip op. at 8-9. And even if there were, Plaintiffs adequately alleged the Defendant failed to exercise due care in carrying out the TVPRA. *See* Pls.' Opp. Brief at 31; *Hydrogen Tech. Corp. v. U.S.*, 831 F.2d 1155, 1161 (1st Cir. 1987); *Myers & Myers, Inc. v. U.S. Postal Serv.*, 527 F.2d 1252, 1262 (2d Cir. 1975); *see also* The Secret History of Family Separation, *supra* ("[T]he plan for reunifying families was faulty to the point of negligence," including the failure to reunify families as soon as the parents were out of the criminal-justice system because the children could not conceivably be considered "unaccompanied").

Two recent cases rejected the Government's contention that the DCE bars FTCA claims in family separation cases for these and related reasons. The district court in *A.F.P.* rejected the Government's argument that the DCE required dismissal because: no statute or regulation

9

required the separation of children from their families; the DCE does not apply to executive action; and even if a statute or regulation mandated separation, the Government made no argument that it exercised due care. *A.F.P.*, 2022 WL 2704570, at *15; *see also F.R.*, 2022 WL 2905040, at *4 (DCE inapplicable in family separation case where complaint "plausibly alleges that government officials did not act with due care in carrying out their statutory mandate"). The same is true here. As a result, the DCE is inapplicable and Plaintiffs' claims should go forward.

## IV. Plaintiffs' Claims Are Not "Systemic Tort" Claims

Defendant argues that "the vast majority of allegations in the Amended Complaint refer not to the specific conduct of individual officials—but instead attack the past policies and conduct of the 'United States government,' 'the U.S. government,' and 'the government.'" Defs.' Br. at 15. Not so. In fact, the First Amended Complaint is replete with allegations about individual, identified government officials.[10]

What is more, "[r]eferences to the 'United States Government' as a whole are not unexpected in a FTCA action, which may only be brought against 'the United States itself.'" *A.F.P.*, 2022 WL 2704570, at *18 (quoting *Garcia-Feliciano v. United States*, 2014 WL 1653143, *3 (D.P.R. Apr. 23, 2014)). This is especially true at the pleading stage, before discovery has revealed the identities of all the responsible individuals. *See A.F.P.*, 2022 WL 2704570 (plaintiff need not "specifically identify every employee, official, and contractor involved. . . at this early stage of litigation when discovery has yet to be conducted"); *see also F.R.*, 2022 WL 2905040, at *4 (rejecting "systemic tort" argument in family separation case).[11]

---

[10] *See* FAC ¶¶ 48, 68-69, 94-96, 100 (Sessions); 69-74, 97, 100, 115 (Nielsen); 45, 87, 100 (Kelly); 89-93, 100-101 (Miller); 92, 93, 98, 100 (Hamilton); 69-70, 88, 100 (Homan); 69 (Cissna); 69 (McAleenan); 62 (Azar); 66-67 (Lloyd); 129-140, 144, 146, 148, 152-57, 160, 162, 164-67, 175-181, 188, 221, 226, 231, 236-37 (federal agents).
[11] As to the private-person analogue, Defendant cites a single inapposite case having nothing to do with the FTCA or the private-person analogue. *See Ryan v. U.S. Immigration & Customs Enf't*, 974 F.3d 9 (1st Cir. 2020).

For the foregoing reasons, and those set forth in Plaintiffs' Opposition Brief, the Court should deny Defendant's motion to transfer or dismiss this action.

Respectfully submitted,

K.O. and E.O., Jr., by and through their parents and next friends, E.O. and L.J.; and C.J, by and through his father and next friend F.C.; each individually and on behalf of all others similarly situated, on behalf of themselves and all others similarly situated,

By their attorneys,

Date:  September 8, 2022            */s/ Joseph M. Cacace*
Howard M. Cooper (BBO # 543842)
Joseph M. Cacace (BBO # 672298)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
jcacace@toddweld.com

David A. Vicinanzo (*pro hac vice*)
Nathan P. Warecki (BBO# 687547)
Lauren Maynard (BBO# 698742)
NIXON PEABODY LLP
53 State Street, Exchange Place
Boston, MA 02109
(617) 345-1000
dvicinanzo@nixonpeabody.com
nwarecki@nixonpeabody.com
lmaynard@nixonpeabody.com

Susan B. Church (BBO # 639306)
Derege Demissie (BBO # 637544)
DEMISSIE & CHURCH
929 Massachusetts Avenue, Suite 01
Cambridge, MA 02139
(617) 319-2399
sbc@demissiechurch.com
dd@demissiechurch.com

Jeff Goldman (BBO # 548056)
THE LAW OFFICES OF JEFF GOLDMAN LLP
125 Washington Street, Ste. 204
Salem, MA 01970
(781) 704-3897
Jeff@jeffgoldmanimmigration.com

Iván Espinoza-Madrigal (*pro hac vice* forthcoming)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 988-0624
iespinoza@lawyersforcivilrights.org

## CERTIFICATE OF SERVICE

I, Joseph M. Cacace, hereby certify that this document has been filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date:  September 8, 2022

*/s/ Joseph M. Cacace*
Joseph M. Cacace