K.O., and E.O., Jr. by and through their parents
and next fiends, E.O. and L.J.; and C.J., by and
through his father and next friend F.C.,

        Plaintiffs,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Civil Action No. 20-12015-PBS

## ANSWER

The United States of America ("Defendant) answers the First Amended Complaint as follows:

### General Answer:

1. Defendant denies any and all allegations in the First Amended Complaint (FAC) not specifically admitted herein.

2. Plaintiffs quote various documents throughout the FAC, including United States District Court cases, Congressional statutes, reports and testimony, media articles, and investigatory reports. Defendant responds to these citations as follows:

   a. In the specific answers that follow, to the extent a paragraph in the FAC cites or otherwise references one of these documentary sources solely as support for a factual allegation, Defendant answers the factual allegation in accordance with Federal Rule of Civil Procedure 8 by either admitting, denying, or pleading lack of sufficient information with respect to that factual allegation. The citation of the source underlying the factual allegation is in and of itself not a factual allegation requiring a response.

   b. To the extent a paragraph in the FAC contains a factual allegation, purports to provide a quotation from a documentary source in whole or in part in a manner requiring a response as to its truthfulness or accuracy, or specifically describes a finding or conclusion of a report, policy, or other cited source, Defendant answers those allegations in accordance with Fed. R. Civ. P. 8.

3. Insofar as the FAC contains allegations regarding the subjective mindset, knowledge, or motivation of various Executive Branch officials and employees, those allegations are denied throughout the Answer.

4. When Defendant answers as to Plaintiffs it answers only as to Plaintiff children, K.O., E.O., Jr., and C.J., as only these claims are proceeding under the FAC. The Court dismissed the claims of the parents on January 10, 2023, thus no response is required regarding the parents.

5. Insofar as allegations relate to or reference the identities, ages, relationships, and nationalities of Plaintiffs, those allegations are denied throughout the Answer on the ground that Defendant lacks information sufficient to form a belief as to the allegations because Plaintiffs are proceeding pseudonymously. Therefore, any specific admissions or denials, in full or in part, of such allegations are qualified by the provision that Defendant is answering based on its belief, but lack of certainty, as to the identities of Plaintiffs.

## **Introduction**

1. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

2. Defendant admits that this action seeks damages. Defendant denies that a class action may be properly certified under the Federal Tort Claims Act (FTCA) in this case. The remaining allegations in the first sentence are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant lacks information sufficient to form a belief as to the truth of the last sentence contained in this paragraph and therefore denies the remaining allegations.

3. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

4. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

5. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

6. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

7. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

8. The allegations that Defendant is liable for the torts are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations. Defendant admits that persons believed to be Plaintiffs presented administrative tort claims to federal agencies. The allegations

regarding exhaustion of administrative remedies are not statements of fact but are conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

## Parties

9. Defendant admits that records regarding the person believed to be K.O. reflect that she is now approximately fourteen years old, and she brings this action through her parents and next friends.

10. Defendant admits that records regarding the person believed to be E.O. Jr., reflect that he is K.O.'s brother and is approximately twenty-two years old.

11. The Court dismissed the claims of the parents E.O. and L.J. on January 10, 2023 thus no response is required. To the extent an answer is required, Defendant denies the allegations regarding the parents.

12. As to persons believed to be K.O. and E.O. Jr., Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph. As to the persons believed to be E.O. and L.J., the Court dismissed the claims of the parents on January 10, 2023, thus no response is required. To the extent an answer is required Defendant denies the allegations.

13. Defendant admits that the person believed to be C.J. is a minor and brings this action through his parent and next friend. As to the person believed to be F.C., the Court dismissed the claims of all the parents on January 10, 2023, thus no response is required. To the extent an answer is required, Defendant denies the allegations.

14. The Court dismissed the claims of the parents on January 10, 2023, thus no response is required. To the extent an answer is required, Defendant denies the allegations.

15. As to the person believed to be C.J., Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph. As to the person believed to be F.C., the Court dismissed the claims of the parents on January 10, 2023 thus no response is required. To the extent an answer is required, Defendant denies the allegations.

16. The Court dismissed the claims of the parents on January 10, 2023 thus no response is required. To the extent an answer is required, Defendant denies the allegations.

17. Defendant admits only that Plaintiffs K.O., E.O., Jr. and C.J. bring this action on their own behalf. To the extent Plaintiff parents are bringing individual claims for personal injuries, the Court dismissed the claims of the parents on January 10, 2023 as untimely thus no response is required. To the extent an answer is required, Defendant denies the allegations.

18. This allegation is not a statement of fact but a conclusion of law to which no response is required. To the extent a response is required, Defendant admits that in an action brought under the FTCA the United States of America is the appropriate defendant.

19. Paragraph 19 states legal contentions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 19.

20. Paragraph 20 contains conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations.

## Jurisdiction and Venue

21. The allegation that this Court has subject matter jurisdiction is not a statement of fact but a conclusion of law to which no response is required. To the extent a response is required, Defendant denies this allegation.

22. The allegation that this Court has personal jurisdiction is not a statement of fact but a conclusion of law to which no response is required.

23. The allegation that venue is proper in this District under 28 U.S.C. § 1402(b) is not a statement of fact but a legal conclusion to which no response is required. To the extent a response is required, Defendant denies this allegation.

24. Defendant admits that the minor Plaintiffs believed to be K.O., E.O., Jr. and C.J. presented administrative tort claims to the Defendant on or about March 13, 2020 and thereafter filed suit after six months without a final determination, deeming the administrative tort claims denied. The remaining allegations contained in paragraph 24 are denied.

## Facts
## Legal Framework Under Federal Immigration Law

25. Paragraph 25 sets forth Plaintiffs' legal characterization of Section 208(a)(1) of the Immigration and Nationality Act (INA), to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 25, and respectfully refers the Court to Section 208(a)(1) and the INA for a true and complete statement of their provisions.

26. Paragraph 26 sets forth Plaintiffs' legal characterization of the INA, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 26, and respectfully refers the Court to the INA for a true and complete statement of the provisions.

27. Paragraph 27 sets forth Plaintiffs' legal characterization of *Flores v. Reno,* 85-cv-4544 (C.D. Cal. 1997) and the Trafficking Victims Protection Reauthorization Act (TVPRA), to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 27, and respectfully refers the Court to the *Flores* Settlement Agreement and the TVPRA for a true and complete statement of their provisions.

28. Paragraph 28 sets forth Plaintiffs' legal characterization of *Flores v. Reno*, 85-cv-4544 (C.D. Cal. 1997) and the TVPRA, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 28, and respectfully refers the Court to the *Flores* Settlement Agreement and the TVPRA for a true and complete statement of their provisions.

29. Paragraph 29 sets forth Plaintiffs' legal characterization of *Flores v. Reno*, 85-cv-4544 (C.D. Cal. 1997) to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 29, and respectfully refers the Court to the *Flores* Settlement Agreement for a true and complete statement of its provisions.

30. Paragraph 30 sets forth Plaintiffs' legal characterization of *Flores v. Reno*, 85-cv-4544 (C.D. Cal. 1997) to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 30, and respectfully refers the Court to the *Flores* Settlement Agreement for a true and complete statement of its provisions.

31. Paragraph 31 sets forth Plaintiffs' legal characterization of *Flores v. Reno*, 85-cv-4544 (C.D. Cal. 1997) to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 31, and respectfully refers the Court to the *Flores* Settlement Agreement for a true and complete statement of its provisions.

32. Paragraph 32 sets forth Plaintiffs' legal characterization of 6 U.S.C. § 279 and the TVPRA, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 32, and respectfully refers the Court to 6 U.S.C. § 279 and the TVPRA for a true and complete statement of their provisions.

33. Paragraph 33 sets forth Plaintiffs' legal characterization of the TVPRA, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 33, and respectfully refers the Court to the TVPRA for a true and complete statement of their provisions.

34. Paragraph 34 sets forth Plaintiffs' legal characterization of the TVPRA, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 34, and respectfully refers the Court to the TVPRA for a true and complete statement of their provisions.

35. Paragraph 35 sets forth Plaintiffs' legal characterization of the TVPRA, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 35, and respectfully refers the Court to the TVPRA for a true and complete statement of their provisions.

## Defendant's Forcible Separation of Children from their Parents
## While in Immigration Detention[1]

36. Defendant admits that some children who crossed the border were separated from their parents in 2017 and that some adults were not ultimately prosecuted. Defendant denies the remaining allegations.

37. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations. Defendant admits that in 2017 some migrants who crossed the border were referred for prosecution and that, as a result, some children were separated from their parents. Defendant denies the remaining allegations.

38. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations.

39. Defendant admits that some family unit aliens were separated pursuant to law in 2017 and any minors designated as unaccompanied children (UCs) were transferred to the custody of the Office of Refugee Resettlement (ORR) of the Department of Health and Human Services, as required by the TVPRA and placed at one of its grantees for residential shelter and services until a qualified sponsor could be identified. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39.

40. Defendant admits that ORR places UCs who are transferred into its custody into ORR-funded, state-licensed care provider facilities in order to provide a safe environment in the least restrictive setting appropriate for the minor's needs while it attempts to unify minors with a qualified sponsor. Defendant denies the remaining allegations.

41. Defendant admits that ORR places UCs who are transferred into its custody into ORR-funded, state-licensed care provider facilities in order to provide a safe environment in the least restrictive setting appropriate for the minor's needs while it attempts to unify minors with a qualified sponsor. Defendant denies the remaining allegations.

42. Defendant admits that minors who were designated as UCs were transferred to ORR custody, as required by the TVPRA and placed at one of its grantees for residential shelter and services. The remaining allegations are not statement of facts but a conclusion of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

43. Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the allegations.

---

[1] Defendant will repeat the headings in the Amended Complaint for consistency and does not admit any allegations contained therein.

44. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statements of its contents.

45. The documents speak for themselves, and Defendant respectfully refers the Court to the cited documents for complete and accurate statements of their contents.

46. Defendant denies that officials began a secret separation program. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents. Defendant admits that there was a program in the El Paso Sector prioritizing criminal prosecution of illegal entry and that family units were separated in 2017, and that children of parents referred for prosecution were transferred to HHS custody.

47. Defendant admits that some families were separated in 2017 and 2018. Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the remaining allegations.

48. This paragraph consists of Plaintiffs' characterization of an OIG report, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendant admits that the OIG report contains the quoted text, denies any characterization of the report, which speaks for itself, and respectfully refers the Court to the document itself for a full and accurate statement of its contents. Defendant denies the remaining allegations.

49. Defendant admits that when adults were referred for prosecution family unit aliens were separated pursuant to law and any minors designated as UACs were transferred to ORR custody, as required by the TVPRA and placed at one of its grantees for shelter care services, which include medical, dental, psychological, legal, educational, recreational and case management support until a qualified sponsor could be identified. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49, and therefore denies the remaining allegations.

50. Defendant lacks information sufficient to form a belief as to the remaining allegations and thus denies the allegations.

51. Defendant admits that some children who crossed the border were separated from their parents in 2017 and 2018. Defendant lacks information sufficient to form a belief as to the remaining allegations and thus denies the allegations.

52. Defendant admits that some children who crossed the border were separated from their parents in 2017 and 2018. Defendant denies that no explanations were given to any families and that no information was given to either the child or parent about each other's whereabout or well-being. Defendant lacks information sufficient to form a belief as to the remaining allegations and thus denies the allegations.

53. Defendant admits that some children who crossed the border were separated from their parents in 2017 and 2018. Defendant lacks information sufficient to form a belief as to the remaining allegations and thus denies the allegations.

54. Defendant admits that some children who crossed the border were separated from their parents in 2017 and 2018. Defendant lacks information sufficient to form a belief as to the remaining allegations and thus denies the allegations.

55. Defendant admits that some children who crossed the border were separated from their parents in 2017 and 2018. Defendant lacks information sufficient to form a belief as to the remaining allegations and thus denies the allegations.

56. Defendant lacks information sufficient to form a belief as to the allegations, and thus denies the allegations.

57. Defendant lacks information sufficient to form a belief as to the allegations, and thus denies the allegations.

58. Paragraph 58 sets forth generalizations for which Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations. Unaccompanied children are allowed to call both family members and sponsors living in the United States and abroad from care provider facilities and the records of the minors believed to be K.O., E.O., Jr. and C.J. reflect that they frequently spoke with their families by telephone and were aware of their whereabouts. The remaining allegations are denied.

59. Paragraph 59 sets forth generalizations for which Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant denies that ORR care providers operate "detention centers" for children or that ORR facilities are "makeshift." The records of the minors believed to be K.O., E.O., Jr. and C.J. reflect that they were provided a room with a bed. Defendant lacks information sufficient to form a belief as to the remaining allegations in paragraph 59and thus denies the allegations.

60. Defendant admits that UCs transferred to ORR custody were placed at one of its grantees for residential shelter and services. Defendant denies that these facilities are "detention centers." The remainder of Paragraph 60 sets forth Plaintiffs' characterizations of a citation to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 60, and respectfully refers the Court to the citation for a true and complete statement of the article.

61. Defendant denies the allegations contained in paragraph 61.

62. Paragraph 62 contains Plaintiffs' citation to a media report to which no response should be required. To the extent a response is deemed necessary, the United States responds that the citation in question speaks for itself and should be read in full context. The

United States otherwise lacks sufficient knowledge or information to form a belief as to these allegations and therefore denies them.

63. This allegation is not a statement of fact but a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 63.

64. As to the first sentence of this paragraph, Defendant admits that some children who crossed the border with an adult, were transferred to ORR custody as UCs because their parent or guardian was not available as a result of the adult's referral for prosecution. The remaining allegations of the first sentence are conclusions of law, to which no response is required. To the extent a response is required, Defendant denies those allegations. With respect to the second sentence, Defendant admits that ORR has policies and procedures in place to ensure UCs in ORR care are released in a safe, efficient, and timely manner, which require the release of UCs to sponsors who are evaluated for suitability, including verification of the sponsor's identity and relationship to the child (if any). Defendant denies the remaining allegations.

65. Defendant admits that this paragraph consists of Plaintiffs' characterization of a transcript of then-Commander Jonathan White's congressional testimony, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendant admits that the transcript contains the quoted text, denies any characterization of the testimony, which speaks for itself, and respectfully refer the Court to the document itself for a full and accurate statement of its contents. Defendant denies the remaining allegations.

66. Defendant denies the allegations contained in paragraph 66 and further states that the decision in *L.V.M. v. Lloyd*, 2018 WL 3133965 (S.D.N.Y., June 27, 2018) speaks for itself. Plaintiffs' allegations characterizing the *L.V.M.* decision are not statements of fact for which a response is required. To the extent a response is required, Defendant further denies Plaintiffs' allegations characterizing the *L.V.M.* decision.

67. Defendant denies the allegations contained in paragraph 67 and further states that the Ms. L. decision speaks for itself. Plaintiffs' allegations characterizing the Ms. L. decision are not statements of fact for which a response is required. To the extent a response is required, Defendant further denies Plaintiffs' allegations characterizing the Ms. L. decision.

**Defendant's "Zero Tolerance Policy" Served as a Pretext to Continue Separating Families**

68. Defendant admits that on April 6, 2018, the Attorney General issued a memorandum for federal prosecutors along the Southwest border regarding "zero-tolerance" for offenses under 8 U.S.C. § 1325(a). The allegation that the Zero Tolerance Policy was implemented to deter immigration by instilling fear in migrants is not statements of fact but a conclusion of law to which no response is required. To the extent a response is

required, Defendant denies this allegation. Defendant denies the remaining allegations in this paragraph.

69. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

70. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

71. Defendant admits that on or about April 6, 2018, the Attorney General issued a "Memorandum for Federal Prosecutors Along the Southwest Border" regarding zero-tolerance for offenses under 8 U.S.C. § 1325(a). Defendant admits that the Memorandum speaks for itself and denies any characterization of the memorandum. The remaining allegations are denied.

72. Paragraph 72 states legal contentions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to these allegations and therefore denies them.

73. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

74. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

75. Defendant admits that on or about June 20, 2018, President Trump issued Executive Order No. 13841 to address family separation. Defendant admits that the Executive Order speaks for itself and denies any characterization of the order.

76. Defendant admits that on or about June 20, 2018, President Trump issued Executive Order No. 13841 to address family separation. Defendant admits that the Executive Order speaks for itself and denies any characterization of the order. The remaining allegations are denied.

77. Defendant admits that on or about June 20, 2018, President Trump issued Executive Order No. 13841 to address family separation. Defendant admits that the Executive Order speaks for itself and denies any characterization of the order. The remaining allegations are denied.

78. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statements of its contents.

79. Defendant lacks information sufficient to form a belief as to the remaining allegations and thus denies the allegations.

**Defendant's Forcible Separation of Children from their Parents While in Immigration Detention was Motivated by Discriminatory Animus and an Express Intent to Deter Lawful Immigration to the United States by Instilling Fear in Would-be Migrants**

80. Defendant admits that on April 6, 2018, the Attorney General issued a memorandum for federal prosecutors along the Southwest border regarding "zero-tolerance" for offenses under 8 U.S.C. § 1325(a). The allegation that the Zero Tolerance Policy was implemented to deter immigration by instilling fear in migrants is not a statement of fact but a conclusion of law to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant denies the remaining allegations in this paragraph.

81. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

82. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

83. Defendant lacks information sufficient to form a belief as to the remaining allegations and thus denies the allegations.

84. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

85. Defendant denies that CBP forcibly separated family units. Defendant admits that some parents who were separated from a child were transferred directly to ICE custody. Defendant denies the remaining allegations

86. Defendant denies that CBP forcibly separated family units. Defendant admits that some parents who were separated from a child were transferred directly to ICE custody. Defendant denies the remaining allegations

87. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

88. The quoted text speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents. Defendant lacks information sufficient to form a belief as to whether ICE Director Homan "made the deterrence goal plain," and therefore denies this allegation.

89. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

90. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

91. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

92. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

93. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

94. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

95. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

96. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

97. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

98. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

99. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

100. Defendant denies that CBP forcibly separated family units. Defendant admits that some parents who were separated from a child were transferred directly to ICE custody. Defendant denies the remaining allegations.

101. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

**Defendant's Employees Were Aware of the Traumatic Harm that Children Would Suffer from Being Forcibly Separated from their Parents, but Defendant's Employees Did It Anyway, and Failed to Provide the Children with Adequate Mental Health Care**

102. Paragraph 102 sets forth Plaintiffs' generalizations regarding trauma for which Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that a response is required, Defendant denies the allegations.

103. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its content.

104. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its content.

105. Paragraph 105 contains Plaintiffs' citation to a media report to which no response should be required. To the extent a response is deemed necessary, Defendant responds that the citation in question speaks for itself, is the best evidence of its contents, and should be read in full context. Defendant otherwise lacks sufficient knowledge or information to form a belief as to these allegations and therefore denies them.

106. Paragraph 106 contains Plaintiffs' citations to media reports to which no response should be required. To the extent a response is deemed necessary, Defendant responds that the citations in question speak for themselves, are the best evidence of their contents, and should be read in full context. Defendant otherwise lacks sufficient knowledge or information to form a belief as to those allegations and therefore denies them.

107. Paragraph 107 sets forth Plaintiffs' generalizations regarding "psychological harm" after reunification for which Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

108. Paragraph 108 contains Plaintiffs' citation to a media report to which no response should be required. To the extent a response is deemed necessary, Defendant responds that the citation in question speaks for itself, is the best evidence of its contents, and should be read in full context. Defendant otherwise lacks sufficient knowledge or information to form a belief as to these allegations and therefore denies them.

109. Paragraph 109 contains Plaintiffs' citation to a media report to which no response should be required. To the extent a response is deemed necessary, the United States responds that the citation in question speaks for itself, is the best evidence of its contents, and should be read in full context. Defendant otherwise lacks sufficient knowledge or information to form a belief as to these allegations and therefore denies them.

110. Paragraph 110 contains Plaintiffs' citation to a media report to which no response should be required. To the extent a response is deemed necessary, Defendant responds that the citation in question speaks for itself, is the best evidence of its contents, and should be read in full context. Defendant otherwise lacks sufficient knowledge or information to form a belief as to these allegations and therefore denies them.

111. Paragraph 111 contains Plaintiffs' citation to a media report to which no response should be required. To the extent a response is deemed necessary, Defendant responds that the citation in question speaks for itself, is the best evidence of its contents, and should be read in full context. Defendant otherwise lacks sufficient knowledge or information to form a belief as to these allegations and therefore denies them.

112. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

113. Paragraph 113 contains Plaintiffs' citation to a media report to which no response should be required. To the extent a response is deemed necessary, Defendant responds that the citation in question speaks for itself, is the best evidence of its contents, and should be read in full context. Defendant otherwise lacks sufficient knowledge or information to form a belief as to these allegations and therefore denies them.

114. Paragraph 114 constitutes Plaintiffs' characterizations of public statements, which do not require a response. To the extent a response is deemed necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114.

115. Paragraph 115 contains Plaintiffs' citation to a letter to which no response should be required. To the extent a response is deemed necessary, Defendant responds that the letter in question speaks for itself, is the best evidence of its contents, and should be read in full context. Defendant otherwise lacks sufficient knowledge or information to form a belief as to these allegations and therefore denies them.

116. Paragraph 116 contains Plaintiffs' characterization of a transcript of then-Commander Jonathan White's congressional testimony, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendant admits that transcript contains the quoted text, denies any characterization of the testimony, which speaks for itself, and respectfully refers the Court to the document itself for a full and accurate statement of its contents. Defendant denies the remaining allegations.

117. Defendant denies the allegations contained in Paragraph 117.

118. Paragraph 118 contains Plaintiffs' citation to a media report to which no response should be required. To the extent a response is deemed necessary, Defendant responds that the citation in question speaks for itself, is the best evidence of its contents, and should be read in full context. Defendant otherwise lacks sufficient knowledge or information to form a belief as to these allegations and therefore denies them.

**After Traumatizing Children and Parents, Defendant's Employees Coerced Parents into Waiving their Children's and Their Own Rights to Asylum and Other Relief**

119. The allegation that parents were unlawfully denied an opportunity to seek asylum is a conclusion of law to which no answer is necessary. To the extent an answer is required, Defendant denies this allegation. Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the allegations.

120. Paragraph 120 contains Plaintiffs' citation to a media report to which no response should be required. To the extent a response is deemed necessary, Defendant responds that the citation in question speaks for itself, is the best evidence of its contents, and should be read in full context. Defendant otherwise lacks sufficient knowledge or information to form a belief as to these allegations and therefore denies the allegations.

121. Paragraph 121 contains Plaintiffs' citation to a media report to which no response should be required. To the extent a response is deemed necessary, Defendant responds that the citation in question speaks for itself, is the best evidence of its contents, and should be read in full context. Defendant otherwise lacks sufficient knowledge or information to form a belief as to these allegations and therefore denies the allegations.

122. Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the allegations.

123. The allegation that parents were unlawfully denied an opportunity to seek asylum is a conclusion of law to which no answer is necessary. To the extent an answer is required, Defendant denies this allegation. Defendant lacks information sufficient to form a belief as to the remaining allegations, and therefore denies the allegations.

**DHS Advisory Council Members Resign in Protest of the Defendants' Forced Separation of Children from their Parents in Immigration Detention**

124. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

125. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

126. The document speaks for itself, and Defendant respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

**Individual Plaintiffs' Allegations – K.O., E.O., Jr. L.J. and E.O.**

127. Defendant admits that on or about May 19, 2018, persons believed to be K.O., E.O., Jr., and their mother, L.J., Guatemalan nationals, illegally crossed the U.S. border near McAllen, Texas. Defendant lacks information sufficient to form a belief as to the remaining allegations, and therefore denies the allegations.

128. Defendant admits the allegations in paragraph 128.

129. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations.

130. Defendant admits that persons believed to be K.O., E.O., Jr., and L.J. were encountered by a Border Patrol Agent. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the allegations.

131. Defendant admits that a Border Patrol Agent transported persons believed to be K.O., E.O., Jr., and L.J. to a facility. Defendant lacks information sufficient to form a belief as

to the truth of the remaining allegations in this paragraph and therefore denies these allegations.

132. Defendant admits that persons believed to be K.O., E.O., Jr., and L.J. were transported to a facility in McAllen, Texas. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies these allegations.

133. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

134. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

135. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

136. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

137. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

138. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

139. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

140. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

141. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

142. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

143. Defendant admits that the ORR case files of the minors believed to be K.O. and E.O., Jr. reflect that on May 21, 2018, Bethany Christian Services contacted E.O., in Westborough, Massachusetts, as a potential sponsor for K.O. and E.O. Jr., and he completed the sponsorship forms. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies these allegations.

144. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

145. The Court dismissed the claims of the parents on January 10, 2023, thus no response is required regarding the parents.

146. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

147. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

148. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

149. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

150. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

151. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

152. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

153. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

154. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

155. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

156. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations.

157. Defendant admits that the ORR case files of the minors believed to be K.O. and E.O., Jr., reflect that, on May 21, 2018, at 12:33 p.m., K.O. and E.O., Jr. traveled from Rio Grande Valley to Grand Rapids, Michigan, to be placed in ORR custody at Bethany Christian Services ("Bethany"). Staff from Bethany met K.O. and E.O., Jr., at the airport on May 22, 2018, at approximately 12:25 a.m. Staff explained that K.O would live in a foster home and that E.O., Jr. would reside at a shelter for boys during their care.

Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies these allegations.

158. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

159. Defendant admits that the phone log contained in the ORR case file of the minor believed to be K.O. reflects that she spoke with her father daily. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies these allegations.

160. Defendant admits that the ORR case file of the minor believed to be E.O., Jr. reflects that on May 22, 2018, he was placed at Bethany TAC Shelter, in Grand Rapids, Michigan and was placed in a 6th grade educational program and weekly recreational, religious and activities. Arrangements were made for E.O. Jr. and K.O. to visit one another. Defendant denies that Bethany was owned or operated by ORR. The case file of the minor believed to be E.O., Jr. reflects that his case manager at Bethany met with E.O., Jr., to discuss the reunification plan for him and K.O. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the allegations.

161. Defendant admits that the ORR case file of the minor believed to be K.O. reflects that K.O. spoke with her mother on June 8, 2018. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the allegations.

162. Defendant admits that the ORR case file of the minor believed to be K.O. reflects that she received six vaccines on May 22, 2018 and three booster vaccines on June 19, 2018 without K.O.'s mother, L.J. present; and E.O., Jr. received nine overdue vaccines and a Meningitis vaccine that was timely given on May 24, 2018. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the allegations.

163. Defendant admits that the ORR case files of the minors believed to be K.O. and E.O., Jr., reflect that, E.O. was notified of the whereabouts of K.O. and E.O., Jr., on May 21, 2018. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the allegations.

164. Defendant admits that the ORR case files of the minors believed to be K.O. and E.O., Jr., reflect that, on May 21, 2018, Bethany reached out to K.O.'s father as a potential sponsor, and sent a sponsor care agreement which was signed the same day and returned to Bethany on May 22, 2018 at approximately 1:06 pm. Defendant denies that Bethany was owned or operated by ORR. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the allegations.

165. Defendant admits that the ORR case files of the minors believed to be K.O. and E.O., Jr., reflect that, on June 5, 2008, E.O. provided supporting documentation to Bethany. Defendant denies that Bethany was owned or operated by ORR. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the allegations.

166. Defendant admits that the ORR case files of the minors believed to be K.O. and E.O., Jr., reflect that, on June 19, 2008, K.O., and E.O., Jr. traveled with Bethany staff to be reunified with their father, E.O. Bethany staff provided orientation of the discharge packet to father and the reunification was completed at Boston Logan International Airport, in Boston, Massachusetts. Defendant denies that Bethany was owned or operated by ORR. Defendant denies the remaining allegations.

167. Defendant admits that the Department of Justice's Executive Office for Immigration Review ("EOIR") provides legal orientation presentations to the adult caregivers (custodians) of unaccompanied children in EOIR removal proceedings to inform the children's custodians of their responsibilities in ensuring the child's appearance at all immigration proceedings, as well as protecting the child from mistreatment, exploitation, and trafficking, as provided under the TVPRA. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore, denies the allegations.

168. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations and therefor denies the allegations.

169. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations and therefor denies the allegations.

170. Defendant admits L.J. was released on June 26, 2018. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations and therefor denies the remaining allegations.

171. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

172. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

173. Defendant denies that a class action may be properly certified under the FTCA in this case. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

**Individual Plaintiff's Allegations – C.J. and F.C.**

174. Defendant admits that on or about June 17, 2018, persons believed to be C.J. and F.C. illegally crossed the U.S. border into El Paso, Texas. They were encountered by Border

Patrol and transferred to Paso Del Norte Processing Center, where they were detained until June 19, 2018. The allegation that C.J. and F.C. were seeking asylum is not a statement of fact but a conclusion of law to which no answer is necessary. To the extent that an answer is required, Defendant denies this allegation. Defendant lacks information sufficient to form a belief as to the remaining allegations.

175. Defendant admits that the persons believed to be C.J. and F.C. were encountered by a Border Patrol Agent and transferred to Paso Del Norte Processing Center. Defendant lacks information sufficient to form a belief as to the remaining allegations and therefore denies the allegations.

176. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

177. Defendant denies the first sentence of this Paragraph. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies these allegations.

178. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

179. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

180. Defendant admits that the ORR case file of the minor believed to be C.J. reflects that on June 25, 2018, at 9:20 p.m. C.J. was transferred to ORR custody and placed at St. PJ's Children's Home, in San Antonio, Texas, where he received shelter care services, which include medical, dental, psychological, legal, educational, recreational and case management support until the time of his release on July 24, 2018, for reunification with his father, F.C. on July 26, 2018.

181. The Court dismissed the claims of the parents on January 10, 2023, thus no response is required regarding the parent.

182. The Court dismissed the claims of the parents on January 10, 2023, thus no response is required regarding the parent.

183. The Court dismissed the claims of the parents on January 10, 2023, thus no response is required regarding the parent.

184. The Court dismissed the claims of the parents on January 10, 2023, thus no response is required regarding the parent.

185. The Court dismissed the claims of the parents on January 10, 2023, thus no response is required regarding the parent.

186. Defendant admits that the ORR case file of the minor believed to be C.J. reflects that C.J. spoke with his father, F.C., on or about July 10, 2018 and July 13, 2018. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

187. Defendant admits that the ORR case file of the minor believed to be C.J. reflects that on or about July 10, 2018, F.C. notified the case manager at St. PJ's Children's Home that he wanted to be reunified with C.J. and a family reunification packet was sent to F.C. at the detention center. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations.

188. The Court dismissed the claims of the parents on January 10, 2023, thus no response is required regarding the parent.

189. Defendant admits that the ORR case file of the minor believed to be C.J. reflects that on June 25, 2018, at 9:20 p.m. C.J. transferred to ORR custody and placed at St. PJ's Children's Home, in San Antonio, Texas, where he received shelter care services with other UCs, which include medical, dental, psychological, legal, educational, recreational and case management support. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations.

190. Defendant admits that the ORR case file of the minor believed to be C.J. reflects that, on July 14, 2018, at 11:15 a.m., C.J. was punched on the right side of face with a closed fist by another UAC while sitting at a picnic table outside. Staff immediately stepped in between the two minors and walked the UAC who hit C.J. over to another area. C.J. was offered first aid, an ice pack was applied to his cheek due to redness and swelling and the medical team was notified. C.J. was moved to another dorm for the rest of the afternoon in order to avoid further altercations. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations.

191. Defendant admits that the ORR case file of the minor believed to be C.J. reflects that during his initial individual counseling session, on June 27, 2018, C.J, reported that he was separated from his father and began to cry. On July 2, 2018, C.J. reported during a subsequent counseling session that he requested to see a clinician because he had been sad at night because he missed his father and began to cry. During later counseling sessions on July 12, 2018, July 16, 2018, and July 23, 2018, C.J. reported feeling well all around, eating well, sleeping well, doing well in school and getting along well with all peers while also reporting that missed his dad and the rest of his family. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations.

192. Defendant admits that the ORR case file of the minor believed to be C.J. reflects that he was reunified with his father at Port Isabel Service Detention Center on July 26, 2018 at 8:30 p.m. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations.

193. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

194. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

195. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

196. Defendant denies that a class action may be properly certified under the FTCA in this case. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies these allegations.

## Class Allegations

197. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies that a class action may be properly certified under the FTCA in this case.

198. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies that a class action may be properly certified under the FTCA in this case.

199. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies that a class action may be properly certified under the FTCA in this case.

200. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies that a class action may be properly certified under the FTCA in this case.

201. The allegations in this paragraph include conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 201 and denies that a class action may be properly certified under the FTCA in this case.

202. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies that a class action may be properly certified under the FTCA in this case.

203. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies that a class action may be properly certified under the FTCA in this case.

204. The allegations in this paragraph include conclusions of law to which no response is required. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations and denies that a class action may be properly certified under the FTCA in this case.

205. The allegations in this paragraph include conclusions of law to which no response is required. Defendant lacks information sufficient to form a belief as to truth of the allegations and therefore denies them and denies that a class action may be properly certified under the FTCA in this case.

206. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies that a class action may be properly certified under the FTCA in this case.

207. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies that a class action may be properly certified under the FTCA in this case.

## Count I
## Intentional Infliction of Emotional Distress
[as to plaintiff children only][2]

208. Defendant repeats and incorporates by reference its responses to each and every allegation contained in paragraphs 1 through 207 as if set forth herein. To the extent any further response is required, Defendant denies this allegation.

209. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

210. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

211. Defendant denies that a class action may be properly certified under the FTCA in this case. Plaintiffs' allegation are conclusions of law and prayers for relief, to which no response is required. To the extent a response is required, Defendant denies the allegations.

212. Defendant admits that the minor Plaintiffs believed to be K.O., E.O., Jr. and C.J. presented administrative tort claims to the Defendant on or about March 13, 2020 and thereafter filed suit after six months without a final determination, deeming the administrative tort claims denied. The remaining allegations contained in paragraph 212 are denied.

## Count II

---

[2] This heading, and the subsequent headings, relate to the plaintiff children only as the Court dismissed the claims of the parents on January 10, 2023.

## Negligent Infliction of Emotional Distress
[as to plaintiff children only]

213. Defendant repeats and incorporates by reference its responses to each and every allegation contained in paragraphs 1 through 212 as if set forth herein. To the extent any further response is required, Defendant denies this allegation.

214. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

215. These allegations are not statements of fact but conclusions of law to which no response is required. Defendant denies that a class action may be properly certified under the FTCA in this case. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

216. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies these allegations.

217. The allegations in Paragraph 217 include conclusions of law to which no response is required. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

218. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the extent of any suffering by Plaintiffs and denies these allegations.

219. Defendant admits that the minor Plaintiffs believed to be K.O., E.O., Jr. and C.J. presented administrative tort claims to the Defendant on or about March 13, 2020 and thereafter filed suit after six months without a final determination, deeming the administrative tort claims denied. The remaining allegations contained in paragraph 219 are denied.

## Count III
## False Imprisonment
[as to plaintiff children only]

220. Defendant repeats and incorporates by reference its responses to each and every allegation contained in paragraphs 1 through 219 as if set forth herein. To the extent any further response is required, Defendant denies this allegation.

221. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

222. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

223. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the extent of any suffering by Plaintiffs and denies these allegations.

224. Defendant admits that the minor Plaintiffs believed to be K.O., E.O., Jr. and C.J. presented administrative tort claims to the Defendant on or about March 13, 2020 and thereafter filed suit after six months without a final determination, deeming the administrative tort claims denied. The remaining allegations contained in paragraph 224 are denied.

## Count IV
## False Arrest
[as to plaintiff children only]

225. Defendant repeats and incorporates by reference its responses to each and every allegation contained in paragraphs 1 through 224 as if set forth herein. To the extent any further response is required, Defendant denies this allegation.

226. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

227. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to

which no response is required. To the extent a response is required, Defendant denies these allegations.

228. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the extent of any suffering by Plaintiffs and denies these allegations.

229. Defendant admits that the minor Plaintiffs believed to be K.O., E.O., Jr. and C.J. presented administrative tort claims to the Defendant on or about March 13, 2020 and thereafter filed suit after six months without a final determination, deeming the administrative tort claims denied. The remaining allegations contained in paragraph 229 are denied.

**Count V**
**Assault and Battery**
[as to plaintiff children only]

230. Defendant repeats and incorporates by reference its responses to each and every allegation contained in paragraphs 1 through 229 as if set forth herein. To the extent any further response is required, Defendant denies this allegation.

231. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

232. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations.

233. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the extent of any suffering by Plaintiffs and denies these allegations.

234. Defendant admits that the minor Plaintiffs believed to be K.O., E.O., Jr. and C.J. presented administrative tort claims to the Defendant on or about March 13, 2020 and thereafter filed suit after six months without a final determination, deeming the administrative tort claims denied. The remaining allegations contained in paragraph 234 are denied.

## Count VI
## Negligent Supervision
[as to plaintiff children only]

235. Defendant repeats and incorporates by reference its responses to each and every allegation contained in paragraphs 1 through 234 as if set forth herein. To the extent any further response is required, Defendant denies this allegation.

236. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the allegations contained in Paragraph 236 and thus denies them.

237. These allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the allegations contained in Paragraph 237 and thus denies them.

238. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the allegations contained in Paragraph 238 and thus denies them.

239. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the allegations contained in Paragraph 239 and thus denies them.

240. Defendant admits that the minor Plaintiffs believed to be K.O., E.O., Jr. and C.J. presented administrative tort claims to the Defendant on or about March 13, 2020 and thereafter filed suit after six months without a final determination, deeming the administrative tort claims denied. The remaining allegations contained in paragraph 240 are denied.

## Count VII
## Tortious Interference with Parent-Child Relationship
[as to plaintiff children only]

241. Defendant repeats and incorporates by reference its responses to each and every allegation contained in paragraphs 1 through 240 as if set forth herein. To the extent any further response is required, Defendant denies this allegation.

242. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

243. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

244. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

245. Defendant admits that the minor Plaintiffs believed to be K.O., E.O., Jr. and C.J. presented administrative tort claims to the Defendant on or about March 13, 2020 and thereafter filed suit after six months without a final determination, deeming the administrative tort claims denied. The remaining allegations contained in paragraph 245 are denied.

**Count VIII**
**Loss of Parental Consortium**
[as to plaintiff children only]

246. Defendant repeats and incorporates by reference its responses to each and every allegation contained in paragraphs 1 through 245 as if set forth herein. To the extent any further response is required, Defendant denies this allegation.

247. Defendant denies that a class action may be properly certified under the FTCA in this case. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

248. Defendant admits that the minor Plaintiffs believed to be K.O., E.O., Jr. and C.J. presented administrative tort claims to the Defendant on or about March 13, 2020 and thereafter filed suit after six months without a final determination, deeming the administrative tort claims denied. The remaining allegations contained in paragraph 248 are denied.

**Prayer for Relief**

Plaintiffs' prayer for relief require no response, but Defendant denies that Plaintiffs are entitled to any relief sought from Defendant in Plaintiffs' First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In further answering Plaintiffs' First Amended Complaint, Defendant raises the following affirmative and other defenses:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

### SECOND DEFENSE

Plaintiffs' claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a).

### THIRD DEFENSE

Plaintiffs' claims are barred to the extent that they are based on the execution of federal statutes or regulations. 28 U.S.C. § 2680(a).

### FOURTH DEFENSE

Plaintiffs have failed to state a claim on which relief may be granted in whole or in part.

### FIFTH DEFENSE

Defendant, through employees, did not owe a legal duty to Plaintiffs.

### SIXTH DEFENSE

Defendant, through employees, did not breach a legal duty owed to Plaintiffs.

### SEVENTH DEFENSE

Defendant has waived its sovereign immunity only for the actions of "employees of the government" as defined in 28 U.S.C. § 2671.

## EIGHTH DEFENSE

Acts or omissions of Defendant, through employees, were not the proximate cause of injury to Plaintiffs.

## NINTH DEFENSE

In the event Defendant is found to have been negligent or otherwise wrongful, which negligence or wrongful conduct is denied, the superseding and intervening negligence or wrongful conduct of third parties, for whom Defendant cannot be held liable, broke any causal connection between the Defendant's negligence or wrongful conduct and Plaintiffs' alleged injuries, cutting off the legal effect of Defendant's negligence or wrongful conduct.

## TENTH DEFENSE

Plaintiffs' recovery of damages, if any, is limited by federal and applicable state law.

## ELEVENTH DEFENSE

Plaintiffs' recovery against Defendant, if any, is limited to the amount stated in timely and properly presented administrative claims. 28 U.S.C. § 2675(b). To the extent Plaintiffs have not timely or properly presented administrative tort claims, or seek relief different from, or in excess of, that set forth in a timely and properly filed administrative tort claim, Plaintiffs have not exhausted their administrative remedies.

## TWELFTH DEFENSE

Plaintiffs may not recover punitive damages, non-monetary damages, or pre-judgment interest under the Federal Tort Claims Act. 28 U.S.C. § 2674.

## THIRTEENTH DEFENSE

To the extent the Court enters a money judgment against Defendant, Plaintiffs are entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b) and 31 U.S.C. § 1304(b).

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred by any exception to or limitation on Defendant's waiver of sovereign immunity.

## FIFTEENTH DEFENSE

Under the FTCA, Defendant only may be held liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

## SIXTEENTH DEFENSE

To the extent that there are persons who were comparatively at fault, whether or not they are currently parties to this lawsuit, principles of comparative fault apply and liability, if any, must be apportioned or any judgment reduced as set forth under applicable state law.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred or diminished by Plaintiffs' failure to mitigate damages.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred to the extent they are based on misrepresentations. 28 U.S.C. § 2680(h).

## NINETEENTH DEFENSE

Defendant denies that a class action may be properly certified under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., in this case.

## TWENTIETH DEFENSE

Defendant asserts that it has, or may have, additional defenses that are not known to Defendant at this time but may be ascertained through discovery in this action. Defendant specifically preserves these defenses and reserves the right to amend its Answer with additional affirmative or other defenses that may be available, including any defenses under Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant prays that:

    A.  Plaintiffs take nothing by their Complaint.

    B.  The Complaint be dismissed with prejudice.

    C.  Judgment be entered in favor of Defendant.

    D.  Defendant be awarded its costs of suit.

The Court award Defendant such other and further relief as it deems appropriate.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

Dated:  March 2, 2023    By:   */s/ Rayford A. Farquhar*
    RAYFORD A. FARQUHAR
    Assistant United States Attorney
    United States Attorney's Office
    John Joseph Moakley U.S. Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    617-748-3100
    Email: rayford.farquhar@usdoj.gov

## CERTIFICATE OF SERVICE

I, Rayford A. Farquhar, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  March 2, 2023                    By:    */s/ Rayford A. Farquhar*
                                                Rayford A. Farquhar
                                                Assistant United States Attorney