**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| K.O. and E.O., Jr., by and through their parents and next friends, E.O. and L.J.; and C.J., by and through his father and next friend F.C., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | Civil Action No. 4:20-12015-MRG |

**LOCAL RULE 16.1(d) JOINT STATEMENT**

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, Local Rules 16.1(d) and 26.1, and this Court's Notice of Scheduling Conference, Dkt. 78, Plaintiffs K.O. and E.O., Jr., by and through their parents and next friends, E.O. and L.J., and C.J., by and through his father and next friend F.C. (collectively "Plaintiffs") and Defendant United States of America hereby submit their Joint Statement regarding scheduling and other issues in advance of the March 24, 2023 Scheduling Conference.

The parties met and conferred telephonically on March 3, 2023 and March 10, 2023 to discuss: (1) preparing an agenda of matters to be addressed at the scheduling conference; (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery; and (3) considering whether they will consent to trial by a Magistrate Judge. The results of that conference are set forth below.

I.   **Agenda of Matters to be Addressed at Scheduling Conference**

    a.   Proposed Pretrial Schedule

1

      i.      Discovery Schedule

      ii.     Motion Schedule, Anticipated Motions

  b.  Changes to Limitations on Discovery

  c.  Settlement Proposal

  d.  Trial by Magistrate Judge

## II.    <u>Proposed Pretrial Schedule</u>

Plaintiff's filed their original complaint on November 9, 2020 (Dkt. 1).  The deadline for the United States' response to the complaint was extended with Plaintiffs' assent several times during 2021, including for a lengthy period during which a nationwide settlement of family separation claims under the Federal Tort Claims Act (FTCA) was under discussion. After the Government withdrew from those settlement discussions, the United States filed a motion to transfer and motion to dismiss on February 28, 2022 (Dkt. 33).  On April 11, 2022, Plaintiffs filed an amended complaint (Dkt. 41).  On May 20, 2022, Defendant moved to transfer or to dismiss the amended complaint (Dkt. 50).  Plaintiffs opposed that motion (Dkt. 59).  On January 9, 2023, the Court entered an order granting in part and denying in part Defendant's motion (Dkt. 72).  No motions are currently pending.  The parties anticipate that there may be motion practice concerning a protective order and various discovery matters.  The parties also anticipate filing summary judgment motions after discovery.

The parties have agreed on a proposed discovery and motion schedule.  That schedule is set forth below:

**Proposed Discovery Schedule**

| EVENT | PLAINTIFFS' PROPOSED DEADLINE | DEFENDANT'S PROPOSED DEADLINE (IF DIFFERENT THAN PLAINTIFFS') |
|---|---|---|
| Initial Disclosures | March 24, 2023 (written responses under Fed. R. Civ. P. 26(a)(1))<br><br>April 14, 2023 (Defendant's document production under Fed. R. Civ. P. 26(a)(1)(A)(ii)) | April 28, 2023 |
| Amendments to Pleadings by | May 26, 2023 | |
| Requests for Production of Documents, Request for Admission, and Interrogatories Served by | July 31, 2023 | |
| Plaintiff's Experts must be Disclosed and Written Reports Served by | September 29, 2023 | |
| Defendant's Experts must be Disclosed and Written Reports Served by | October 30, 2023 | |
| Rebuttal Expert Reports Served by | November 21, 2023 | |
| Fact and Expert Depositions Completed by | January 31, 2024 | February 16, 2024 |
| Fact and Expert Discovery Completed by | January 31, 2024 | February 16, 2024 |
| Challenges to Expert Testimony Filed by | February 29, 2024 | March 22, 2024 |
| Status Conference | To be scheduled by the Court | |
| Motions for Summary Judgment Filed by | March 29, 2024 | April 19, 2024 |

| Oppositions to Motions for Summary Judgment Filed by | 28 days after filing of Motions for Summary Judgment | |
|---|---|---|
| Replies in Support of Motions for Summary Judgment Filed by | 14 days after filing of Oppositions to Motions for Summary Judgment | |
| | **TRIAL** | |
| Final Pretrial Conference | To be scheduled by the Court | |
| Trial | To be scheduled by the Court | |

### III.    <u>Limitations on Discovery</u>

**Plaintiffs' Position:** Plaintiffs believe that changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Local Rules for the District of Massachusetts will be necessary in this case.  While the named Plaintiffs share a common interest, they endured different experiences, in different locations, and with different individuals acting on behalf of Defendant.  Accordingly, Plaintiffs request an increase of up to a total of 20 depositions, 30 interrogatories, 30 requests for admission, and 3 separate requests for production.

Plaintiffs have requested that the United States include in its Initial Disclosures all non-plaintiff specific discovery produced in other family separation FTCA cases pending throughout the United States (including written discovery responses, documents, and deposition transcripts), as well as plaintiff-specific documents in the Defendant's possession, custody, or control (including the documents referenced in Defendant's Answer). Defendant has agreed to produce as part of its Initial Disclosures, subject to entry of a protective order: (1) at least certain documents from other family separation FTCA cases (though Defendant has not specified what that production will contain); and (2) at least certain documents pertaining to the Plaintiffs. If Defendant does not produce all of the requested information as part of its Initial Disclosures, Plaintiffs will seek that information through the discovery process. Plaintiffs will be better able

to determine the total number of discovery events needed after reviewing the discovery materials, including those from the other pending family separation FTCA cases. Plaintiffs therefore reserve the right to revisit the limitations on discovery once the discovery process in underway.

In response to Defendant's statement below regarding the nature of this action as a putative class action, the Plaintiffs do not believe that this Rule 16.1 Joint Statement or the upcoming Scheduling Conference are the appropriate means for briefing or hearing the parties on this issue. At this point, Plaintiffs wish only to point out that, as Defendant recognizes, the United States Supreme Court, the First Circuit, and this District have not ruled on whether and, if so, how a case can be certified as a class action under the Federal Tort Claims Act (FTCA). In the absence of that authority, Plaintiffs would urge the Court to follow the Supreme Judicial Court of Massachusetts, which ruled that an individual claimant could present an administrative claim on behalf of a class of similarly situated individuals under the Massachusetts Tort Claims Act. *See Magliacane v. City of Gardner*, 483 Mass. 842 (2020). There is no reason to reach a different result under the FTCA. That said, Plaintiffs are considering whether to pursue this action as a class action or on behalf of the named Plaintiff children only. Therefore, Plaintiffs urge Defendant's counsel to confer with Plaintiffs' counsel, as required by Local Rule 7.1(a)(2), before filing a motion concerning whether this case should proceed as a putative class action or individual action only.

**Defendant's Position:** Fact discovery falls into two basic categories: (1) policy-related discovery – that is, discovery relating to the creation and implementation of alleged policy or policies to process families following entry into the United States across the Southwest border between point of entry, including discovery relating to the Zero Tolerance Policy and the referral

for prosecution of adults in family units; and (2) Plaintiff-specific discovery – that is, discovery

relating to the apprehension, care, custody, referral and prosecution-related decisions, custody

determinations, and separations of the particular adult Plaintiffs and their children.

Defendant's position regarding discovery is that ten (10) depositions permitted to both

Plaintiffs and Defendant, along with the written discovery allowed by the Federal Rules of Civil

Procedure, are sufficient to meet the needs of this case.  Defendant has agreed to voluntarily

provide uniformed nationwide disclosure already released in other cases, subject to a protective

order.  It should be noted that there are no less than 36 other cases filed throughout the United

States.  As a result, any discovery necessary beyond that allowed by the Federal Rules of Civil

Procedure should be brought before this Court if, and when, necessary.  However, to the extent

Plaintiffs seek to re-depose any already deposed government policy-related deponents,

Defendant will engage in good faith discussions with Plaintiffs regarding their claimed need, as

well as the scope, duration, and method of questioning for any such deposition.


Defendant contends that this case is not a putative class action case, as no administrative

claim was properly presented to certify a class action.  Because courts have held that, in order to

recover under the Federal Tort Claims Act, all purported class members must satisfy the

administrative presentment and exhaustion requirements under the FTCA.  Neither the First

Circuit nor DMA have addressed this issue, but other courts have uniformly adopted this

approach.

- **Federal Circuit:** "[I]n class actions brought under the Federal Tort Claims Act ('FTCA'), the courts have uniformly held that a district court does not have jurisdiction over asserted class members who have not complied with the FTCA's administrative claim presentment requirements, and that the court lacks power to include those parties in the certified class."  *Arctic Slope Native Ass'n, Ltd. v. Sebelius*, 583 F.3d 785, 794 (Fed. Cir. 2009) (collecting cases).

6

- **Second Circuit:** "It is well established that neither the district court nor this Court has jurisdiction over a Federal Tort Claims class action where, as here, the administrative prerequisites of suit have not been satisfied by or on behalf of each individual claimant." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 194, 198 (2d Cir. 1987).

- **Third Circuit:** "[B]efore the jurisdiction of the courts may be invoked, each claimant must submit an independent and separate claim to the appropriate administrative agency for review and possible settlement." *Com. of Pennsylvania, by Sheppard v. Nat'l Ass'n of Flood Insurers*, 520 F.2d 11, 23 (3d Cir. 1975), overruled on other grounds. "In this respect, the statute makes no distinction between the individual claimant and the claimant who may, by reason of the facts giving rise to his claim, be a member of a class." *Id.* "In both instances, the purpose and the language of the statute require claimants to have separately and individually satisfied all jurisdictional requirements."

- **Eighth Circuit:** "[A] class action can be maintained under the FTCA if each of the claimants have individually satisfied all of the jurisdictional requirements." *Lunsford v. United States*, 570 F.2d 221, 227 (8th Cir. 1977). "A class action can also be maintained if a class claim has been filed which names the individual claimants, asserts and establishes the authority of the named claimant (or claimants) to present claims on behalf of the unnamed class members, states the total amount of the claim for the entire class and otherwise satisfies the jurisdictional requirements." *Id.*

- **Ninth Circuit:** "The regulations clearly require that evidence of authority be presented in regard to each individual claimant who has not filed on his own behalf." *Caidin v. United States*, 564 F.2d 284, 286 (9th Cir. 1977). "A class claim, unless supported by evidence of authority to represent each purported class member, does not comply with this requirement." *Id.* at 287.

Therefore, all of the class members must have filed and exhausted their own administrative claims. Or, the named class members must have filed administrative claims on behalf of the entire class, and have established their legal authority to file administrative claims on behalf of each class member (which presumably would require identifying each class member and obtaining his/her consent to file a claim on his/her behalf). Given that neither scenario took place within the statutory time period for presentment, Defendant will seek the Court's leave to file to a motion addressing this issue. Defendant further contends that the resolution of this issue is significant to the scope of discovery in this case.

## IV.   <u>Settlement Proposal</u>

Plaintiffs will serve Defendant with a settlement proposal on or before March 24, 2023.

Defendant will be prepared to respond thereto following receipt of the settlement proposal.

## V.   <u>Trial by Magistrate Judge</u>

The parties do not consent to trial by Magistrate Judge.

## VI.   <u>Local Rule 16.1(d)(3) Certifications</u>

The parties will separately file their certifications pursuant to Local Rule 16.1(d)(3).

## VII.   <u>Protective Order</u>

The parties will work cooperatively to jointly present the Court with a proposed

protective order with appropriate clawback provisions for assertions of privilege, work product,

and any other privileges or protections from discovery. If the parties are unable to reach

agreement on a protective order, the parties will present alternative protective orders to the Court

by motion for the Court's consideration.

Dated: March 17, 2023

Respectfully submitted,

Rachael S. Rollins
United States Attorney

E.O. and L.J., and K.O. and E.O., Jr. by and through
their parents and next friends, E.O. and L.J.; F.C.,
and C.J by and through his father and next friend
F.C.,

By: */s/ Rayford A. Farquhar*
Rayford A. Farquhar
Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
One Courthouse Way – Suite 9200
Boston, MA 02210
(617) 748-3100
Rayford.farquhar@usdoj.gov

By their attorneys,

*/s/ Joseph M. Cacace*
Howard M. Cooper (BBO # 543842)
Joseph M. Cacace (BBO # 672298)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
jcacace@toddweld.com

Susan B. Church (BBO # 639306)
Derege Demissie (BBO # 637544)
DEMISSIE & CHURCH
929 Massachusetts Avenue, Suite 01
Cambridge, MA 02139
(617) 319-2399
sbc@demissiechurch.com
dd@demissiechurch.com

David A. Vicinanzo (*pro hac vice*)
Nathan P. Warecki (BBO# 687547)
Lauren Maynard (BBO# 698742)
NIXON PEABODY LLP
53 State Street, Exchange Place
Boston, MA 02109
(617) 345-1000
dvicinanzo@nixonpeabody.com
nwarecki@nixonpeabody.com
lmaynard@nixonpeabody.com

Iván Espinoza-Madrigal (*pro hac vice* forthcoming)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110

9

(617) 988-0624
iespinoza@lawyersforcivilrights.org

Jeff Goldman (BBO # 548056)
Goldman & Partners
125 Washington Street, Ste. 204
Salem, MA 01970
978-219-5040
Jeff@gpimmigration.com

## CERTIFICATE OF SERVICE

I, Joseph M. Cacace, hereby certify that this document has been filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

*/s/ Joseph M. Cacace*
Joseph M. Cacace

Dated: March 17, 2023