**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| K.O. and E.O., Jr., by and through their parents and next friends, E.O. and L.J.; and C.J., by and through his father and next friend F.C., |
| |
| Plaintiffs, |
| |
| v. |
| |
| United States of America, |
| |
| Defendant. |

Civil Action No. 4:20-12015-MRG

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO**
**PRECLUDE PLAINTIFFS FROM INCREASING THE**
**SUM CERTAIN DEMANDED IN THEIR ADMINISTRATIVE CLAIM**

Defendant, United States of America, by and through its attorney, Rachael S. Rollins, United States Attorney for the District of Massachusetts, herein files this Memorandum of Law in support of its Motion to Preclude Plaintiffs from Increasing the Sum Certain Demanded in their Administrative Claim. As required by the Federal Tort Claims Act (FTCA), before filing this action, Plaintiffs submitted an administrative claim specifying the amount of damages that they sought to recover. Plaintiffs were free to choose any amount that they saw fit and elected to seek "approximately $250,000 per Claimant." Docket No. 41-9 at 11. That demand established a "ceiling" on Plaintiffs' potential recovery and apprised the government of "its maximum possible exposure." *Reilly v. United States*, 863 F.2d 149, 170 & 173 (1st Cir. 1988) (citation omitted). Nonetheless, Plaintiffs have recently indicated that they will now seek to obtain more than double the amount specified in their administrative claim—$650,000 per claimant. A claimant may not, however, increase its damages request absent new and material information that was not previously

available.  *See* 28 U.S.C. § 2675(b).  Plaintiffs have not made, and cannot make, that showing.

Indeed, even if the *extent* of a plaintiff's alleged harms proves greater than originally thought, that

does not warrant increasing its damages request.  Accordingly, given the threshold importance of

locking in a sum certain to guiding settlement discussions and structuring the scope of discovery,

Defendant respectfully requests an order precluding Plaintiffs from increasing their demand

beyond the cap identified in their administrative claim.

## I.      BACKGROUND

### A.      Legal Framework

The FTCA provides that a tort lawsuit "shall not be instituted upon a claim against the

United States for money damages . . . unless the claimant shall have first presented the claim to

the appropriate Federal agency."  28 U.S.C. § 2675(a).  The Department of Justice's implementing

regulations further explain that a claimant must present the required "claim" to the relevant agency

in writing and specify the amount of "money damages" sought "in a *sum certain*."  28 C.F.R. §

14.2(a) (emphasis added); *see also Coska v. United States*, 114 F.3d 319, 322 (1st Cir. 1997) ("An

administrative claim is properly presented when it includes, among other things, a claim for money

damages in a sum certain").[1]  "The purpose behind the sum-certain requirement is to tip the

government off as to its possible liability so that it can investigate the alleged negligent episode to

see if settlement would be in the best interests of all."  *Holloway v. United States*, 845 F.3d 487,

489–90 (1st Cir. 2017) (internal quotation marks omitted) (citing *Coska*, 114 F.3d at 322).

To that end, the FTCA generally prohibits a plaintiff from filing suit to recover "any sum

in excess of the amount of the claim presented to the federal agency."  28 U.S.C. § 2675(b).  In

---

[1]  The claim may be presented via "an executed Standard Form 95 or other written notification," such as a letter.  28 C.F.R. § 14.2(a).

this way, the sum certain in the administrative claim "retains importance" during the ensuing litigation because it "act[s] as a ceiling on the plaintiff's eventual recovery." *Reilly*, 863 F.2d at 170.  The requirement that a plaintiff stick to the amount that it originally claimed—and not seek to increase that amount as litigation proceeds—serves a critical role in "ensur[ing] that the government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions." *Id.* at 173 (internal quotation marks and alteration omitted) (citing *Martinez v. United States*, 780 F.2d 525, 530 (5th Cir. 1986)).  The First Circuit has therefore stressed "the importance and absolute necessity of adherence to the sum certain requirement." *Corte-Real v. United States*, 949 F.2d 484, 486 (1st Cir. 1991).

A plaintiff may only increase the sum certain in its administrative claim through a "narrow escape hatch," *Reilly*, 863 F.2d at 171—that is, "where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b).  Put another way, the plaintiff must identify some "new," "unforeseen," and "material" information that has only recently come to light. *Reilly*, 863 F.2d at 172; *see also Lowry v. United States*, 958 F. Supp. 704, 710 (D. Mass. 1997) (explaining that the burden "rests on the claimant plaintiff" (citation omitted)).  A plaintiff may not seek increased damages simply because it did not know the *full extent* of its alleged injuries when it filed its administrative claim. *See Reilly*, 863 F.2d at 172.  As the First Circuit has explained, a claimant often will not know the precise extent of its injuries when it files an administrative claim. *See id.*  Still, that does not relieve the claimant of its obligation to estimate its full potential damages.  Where a plaintiff has identified potentially extensive injuries in its administrative claim, it cannot later claim seek

increased damages merely because subsequent information has borne out the "worst-case scenario." *Id.*

B.     **Procedural History**

Plaintiffs initially filed an administrative claim on October 9, 2018.  *See* Docket No. 41-8 at 4.  In describing the nature of their injuries, Plaintiffs claimed that they suffered "severe emotional distress," "illness" and "bodily harm," "acute psychological injur[ies]," "lasting and permanent emotional and psychological harm," as well as "anxiety, depression, post-traumatic stress disorder, and other trauma-related disorders."  *Id.* at 11–12.  Plaintiffs did not suggest that their harms were limited, and, in fact, expressly alleged that they would suffer "lasting and detrimental effects on their mental health."  *Id.* at 14.  Moreover, in describing the "Amount of Claim," Plaintiffs demanded relief for injuries with past and prospective effects—seeking compensation for "harm that [they] have already endured, together with the costs of long-term treatment that will be required to mitigate their emotional suffering" moving forward.  *Id.*  Based on all this, Plaintiffs sought damages in a sum certain of "approximately $250,000 per Claimant." *Id.*

In response, the government informed Plaintiffs' counsel that they had failed to provide certain information required to process their claim—such as the names of the claimants and proof of counsel's authority to act on their behalf.  *See* Docket No. 41-9 at 2.  Plaintiffs thus filed an amended administrative claim on March 13, 2020, including some of this additional information. *See id.* at 1.  (Although this submission included proof of counsel's authority to act on behalf of the Plaintiffs, it did not include proof of counsel's authority to act on behalf of any other members of the "putative class").  Plaintiffs' amended administrative claim did not, however, seek to change the description of their alleged injuries or the amount of their claimed damages.  In describing the

"Amount of Claim," Plaintiffs again stated that they sought damages totaling "approximately $250,000 per Claimant." *Id.* at 11.

Subsequently, Plaintiffs "attempted to amend" their administrative claim for a second time on July 7, 2021.  Docket No. 72 at 10; *see also* Docket No. 49-10.  But, as this Court recognized, they did so after they filed the complaint in this action, after their amended administrative claim was denied, and more than two years after their claims accrued.  *See* Docket No. 72 at 10. Accordingly, this Court held that "the July 7, 2021 amended administrative complaint [was] not properly filed and those claims are not proper grounds for a suit." *Id.*

Plaintiffs' March 13, 2020, administrative claim therefore represents the currently operative administrative claim in this lawsuit.  And, as described above, that administrative claim sought damages totaling "approximately $250,000 per Claimant."  Docket No. 41-9 at 11. Nonetheless, Plaintiffs' counsel has indicated to Defendant's counsel that Plaintiffs will seek to recover damages significantly exceeding the amount identified in their administrative claim (i.e., $250,000 per claimant).  Specifically, Plaintiffs' counsel indicated that they will seek more than double that amount—approximately $650,000 per claimant.

## II.    ARGUMENT

As this Court explained in its decision on Defendant's motion to dismiss, "[c]laimants may not amend their administrative claims after they have filed suit or after there is a final agency action on the administrative complaint."  Docket No. 72 at 9.  At this point, therefore, Plaintiffs cannot seek damages exceeding the amount that they chose and identified in their administrative claim—"approximately $250,000 per Claimant."  Docket No. 41-9 at 11.  The FTCA provides that an "[a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly

discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b).  And Plaintiffs have failed to identify any newly discovered (and previously unavailable) information, or proof of intervening facts, that could "unlock the FTCA's narrow escape hatch." *Reilly*, 863 F.2d at 171.  The Court should therefore enter an order confirming that the "sum certain" governing this case remains at $250,000 per Plaintiff.

Even if Plaintiffs were to claim that their injuries are worse and more extensive than they originally anticipated, that would not permit them to increase their damages demand.  Plaintiffs' administrative claim clearly contemplated (and expressly alleged) that their injuries could be extraordinarily extensive and cover a wide range of scenarios—including "lasting and permanent" damages requiring "long-term treatment" for the rest of their lives.  Docket No. 41-9 at 10, 11.  Thus, even if subsequent information were to unfortunately support "the worst-case scenario," that would not qualify as "newly discovered evidence." *Reilly*, 863 F.2d at 172.  So long as Plaintiffs were "on notice" that such extensive injuries were possible when they filed their administrative claim, they cannot later amend their demand merely because they did not believe or anticipate that such extensive injuries would actually occur. *Id.*

Indeed, claimants often will not know "the exact nature, extent and duration" of their alleged injuries when they file an administrative claim. *Id.* (citation omitted).  But that does not relieve them of their obligations to identify (and stick to) a sum certain. *See Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 279 (4th Cir. 2000) (rejecting argument that claimant "could not submit a sum certain before her treatment was complete and the extent of her injuries were known").  A claimant is not constrained in the amount that it chooses when submitting an administrative claim.  And, "[a]s between prospective defendant and prospective plaintiff, the latter is in by far the better

6

position to determine the worst-case scenario or, if uncertain, to paint the picture as bleakly as reason permits and conscience allows." *Reilly*, 863 F.2d at 173.

Although discovery has just begun, Defendant respectfully requests that the Court enter an order confirming the sum certain now because that amount will have a significant impact on the future course of this litigation and any settlement discussions.  As the First Circuit has consistently emphasized, identifying a sum certain "encourage[s] settlement and apprise[s] the Government of its maximum possible liability." *Corte-Real*, 949 F.2d at 486; *see also Reilly*, 863 F.2d at 173 ("a definite monetary demand ensures that the government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions" (citation omitted)).  Any potential for an early resolution to this case will thus likely require confirming the sum certain sooner, rather than later, so that the parties share a common understanding of the government's maximum possible exposure.  *See Holloway*, 845 F.3d at 490 ("not having a sum certain obviously makes it harder for the government to determine the claim's value")

Moreover, locking in a sum certain will benefit the parties and facilitate the efficient litigation of this matter regardless of its role in facilitating settlement.  Federal Rule of Civil Procedure 26 requires both parties to ensure that the scope of discovery remains "proportional to the needs of the case," which, in turn, depends in large part on "the amount in controversy."  Fed. R. Civ. P. 26 (b)(1); *see also* advisory committee's notes to 2015 amendment ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes").  And if the parties continue to hold drastically different understandings of "the amount in controversy" in this case, it will likely become difficult, if not impossible, to reach common ground in deciding what counts as proportional discovery.

**III.    CONCLUSION**

The Court should enter an order confirming that Plaintiffs may not seek damages in excess of the cap established in their administrative claim—i.e., approximately $250,000 per claimant.

RESPECTFULLY SUBMITTED

RACHAEL S. ROLLINS
United States Attorney


By:     */s/ Rayford A. Farquhar*
        RAYFORD A. FARQUHAR
        Assistant United States Attorney
        Michael Fitzgerald
        Assistant United States Attonrey
        U.S. Attorney's Office
        1 Courthouse Way, Ste. 9200
        Boston, MA 02210
        (617) 748-3100
        rayford.farquhar@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Rayford A. Farquhar*
RAYFORD A. FARQUHAR
Assistant U.S. Attorney

Dated:  May 8, 2023