UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| K.O. and E.O., Jr., by and through their parents and next friends, E.O. and L.J.; and C.J., by and through his father and next friend F.C.,<br><br>    Plaintiffs,<br><br>  v.<br><br>United States of America,<br><br>    Defendant. | Civil Action No. 4:20-12015-MRG<br><br>**Motion for Leave to File Reply**<br>**Filed May 26, 2023** |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE
PLAINTIFFS FROM INCREASING THE SUM CERTAIN
<u>DEMANDED IN THEIR ADMINISTRATIVE CLAIM</u>**
**(Assented To)**

Defendant respectfully submits the following reply to address and correct several points raised in Plaintiffs' opposition.

**I. ARGUMENT**

*First*, the Court should strike and disregard the portions of Plaintiffs' opposition that seek to rely on alleged statements made by Defendant during settlement discussions. *See* Docket No. 99 at 9, 11. Federal Rule of Evidence 408 precludes "statement[s] made during compromise negotiations" from being used "to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). Plaintiffs' opposition, however, sets forth alleged statements made by Defendant "during compromise negotiations" for the express purpose of persuading the factfinder (here, the Court) that their claims are, in fact, worth at least a certain amount. *See* Docket No. 99 at 9, 11. Indeed, Plaintiffs expressly described these alleged settlement discussions in attempting

to argue that "Defendant itself has recognized" that their claims exceed a certain amount. *Id.* at 9. That was plainly improper and in violation of Rule 408. The Court should therefore disregard and strike this portion of Plaintiffs' opposition from the record. *See, e.g.*, *F.H. Cann & Assocs., Inc. v. Moorman*, 605 F. Supp. 3d 232, 240 (D. Mass. 2022) (striking document that party "improperly rel[ied] on" under Rule 408).

Moreover, the fact that these alleged settlement statements were "reported publicly," Docket No. 99 at 9, does not affect the Rule 408 analysis. Rule 408 places strict limits on a party's *use* of settlement statements in the litigation itself—not merely on the public disclosure of such statements. Nothing in Rule 408, or any other rule, allows a party to put settlement discussions before the factfinder simply because those discussions have been reported on or otherwise publicly disclosed.[1]

*Second*, Plaintiffs are incorrect insofar as they argue that they validly amended their administrative claim "for a second time, on July 7, 2021 and increased their demand for damages from $250,000 to $650,000 per claimant." Docket No. 99 at 11. Plaintiffs filed an administrative claim on October 9, 2018—seeking "approximately $250,000 per Claimant." Docket No. 41-8 at 4. The government, however, informed Plaintiffs' counsel that they had failed to provide certain information required to process their claim. *See* Docket No. 41-9 at 2. Plaintiffs therefore filed an amended claim on March 13, 2020, purporting to address some of those deficiencies and again

---

[1] Although Rule 408 precludes a party from introducing evidence of a defendant's settlement statements in response to a plaintiff's administrative claim, a court may consider the amount of a plaintiff's administrative claim itself for the purposes of addressing whether the plaintiff has complied with the FTCA's sum certain requirement. *See Flandreau Santee Sioux Tribe v. United States*, 565 F. Supp. 3d 1154, 1180 (D.S.D. 2021).

seeking "approximately $250,000 per Claimant." *Id.* That March 13, 2020, submission (including its sum certain demand) remains the operative administrative claim in this case.

To be sure, Plaintiffs "attempted to amend" their administrative claim for a second time on July 7, 2021. Docket No. 72 at 10. In so doing, Plaintiffs attempted to add their parents as additional claimants and attempted to increase their damages request from $250,000 per claimant to $650,000 per claimant. *See* Docket No. 49-10. But, as this Court recognized, they did so more than two years after their claims accrued. *Id.* Accordingly, this Court held that "the July 7, 2021 amended administrative complaint [was] not properly filed and *those claims are not proper grounds for a suit.*" *Id.* (emphasis added).

Now, Plaintiffs claim that this ruling dealt only with the portion of their July 7, 2021, administrative complaint that attempted to add their parents as new claimants—and not the portion that attempted to increase the *amount* of their claims. *See* Docket No. 99 at 11 n.3. But that is plainly incorrect. This Court's prior order found that Plaintiffs' *entire* July 7, 2021, administrative complaint was untimely and therefore "not properly filed." Docket No. 72 at 10; *see also McKenzie v. United States*, No. 21-cv-00233-NT, 2022 WL 2073373, at *4 (D. Me. June 9, 2022) ("courts have determined that amendments attempting to add new claimants, claims, *and/or damages* outside the limitations period were impermissible material changes that would disrupt the settlement process" (emphasis added)). The Court should therefore, at a minimum, allow this motion to clarify that Plaintiffs' March 13, 2020, administrative claim (which sought "approximately $250,000 per Claimant") represents the currently operative administrative claim in this lawsuit.

*Third*, Plaintiffs' contention that the Court should wait to decide this issue until after discovery lacks merit. A plaintiff must submit a sum certain to the government *before* filing suit—

3

and then *stick to* that amount during the ensuing litigation (including discovery)—to help "ensure[] that the government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions." *Reilly v. United States*, 863 F.2d 149, 173 (1st Cir. 1988) (citation omitted).  This requirement would mean little if a plaintiff could depart from its sum certain so long as discovery remained open.  A plaintiff may seek to increase its sum certain "where the increased amount is based upon newly discovered *evidence* not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and *proof* of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b) (emphasis added).  Here, however, Plaintiffs have not attempted to argue that they have identified new evidence relating to their claimed damages.  Tellingly, Plaintiffs instead dedicate most of their opposition to repeating their unproven and highly contested *allegations*—citing nothing more than their own complaint.  *See* Docket No. 99 at 1–8 (extensively recounting the narrative from their complaint).

      Simply put, Plaintiffs have not identified any new evidence indicating that they have suffered, or will suffer, injuries to an extent that they did not contemplate "at the time of presenting [their] claim." 28 U.S.C. § 2675(b).  Indeed, Plaintiffs clearly contemplated and expressly alleged that their damages could be extraordinarily extensive and lifelong.  To be sure, the parties must conduct discovery to determine whether the full extent of Plaintiffs' alleged injuries have occurred or will likely materialize.  But the fact that the parties must conduct discovery on that issue does not provide a valid basis for increasing Plaintiffs' sum certain.  Where—as here—the plaintiff has identified potentially extensive injuries in its administrative claim, it cannot later claim seek increased damages merely because subsequent information has borne out (or might bear out) the "worst-case scenario." *See Reilly*, 863 F.2d at 172.

## II. CONCLUSION

The Court should enter an order confirming that Plaintiffs may not seek damages in excess of the cap established in their administrative claim—i.e., approximately $250,000 per claimant.

RESPECTFULLY SUBMITTED

JOSHUA S. LEVY
Acting United States Attorney

By:  */s/ Rayford A. Farquhar*
RAYFORD A. FARQUHAR
Assistant United States Attorney
Michael Fitzgerald
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Ste. 9200
Boston, MA 02210
(617) 748-3100
rayford.farquhar@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Rayford A. Farquhar*
RAYFORD A. FARQUHAR
Assistant U.S. Attorney

Dated:  May 26, 2023

## LOCAL RULE 7.1 CERTIFICATION

I, Rayford A. Farquhar, Assistant U.S. Attorney, herein certify that I spoke with counsel for the Plaintiffs and he assented to the filing of this reply.

*/s/ Rayford A. Farquhar*
RAYFORD A. FARQUHAR
Assistant U.S. Attorney

Dated:  May 26, 2023