UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| K.O., and E.O., Jr. by and through their parents and next friends, E.O. and L.J.; and C.J., by and through his father and next friend F.C.,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 20-12015-MRG |

**UNOPPOSED MOTION FOR COURT APPROVAL OF SETTLEMENT OF MINOR'S CLAIM (C.J.)**

Plaintiff C.J., by and through his father and next friend, F.C., , files this Motion for Approval of Settlement of Minor's Claim, and asks the Court to enter the proposed Order, accompanying this Motion, approving the settlement of C.J.'s claims against the United States of America ("Defendant"). By email dated June 28, 2024, Assistant United States Attorney Rayford Farquhar indicated Defendant does not oppose the relief Plaintiffs seek herein. Plaintiffs further state as follows:

1. Plaintiff C.J., by and through his father and next friend, F.C. brought the above-captioned case under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) et. seq. Plaintiff alleges that Defendant unlawfully separated him from his father, causing him injury.

2. This action was originally commenced on November 9, 2020 in the District of Massachusetts.

3. On February 21, 2024, Plaintiff and Defendant began settlement discussions. On April 5, 2024, the Parties reached a settlement whereby Defendant will pay Plaintiff C.J. Eighty Thousand Dollars ($80,000.00) (hereinafter "Settlement Amount") in settlement of all claims, pending Court approval. Attached as Exhibit A is a redacted copy of the proposed Settlement Agreement in the above-captioned case (the "Settlement"), which redacts the full name of C.J.'s father and guardian, F.C.

4. This Settlement is contingent upon (a) Plaintiff obtaining this Court's approval for the minor's Settlement and (b) approval of the Settlement by the Attorney General's designee. Defendant is able to seek approval of the Settlement by the Attorney General's designee only after Court approval is obtained.

5. Federal courts reviewing the settlement of a minor's claim can approve the settlement of that claim upon a finding that there is no "potential or actual conflict in the interest between the [minor] and [the] parents." *See, e.g., Disability L. Ctr. v. Massachusetts Dep't of Correction*, 960 F. Supp. 2d 271, 280 (D. Mass. 2012) (courts have authority to approve settlements "where the settlement is executed by a party acting in a representative capacity"); *Vasquez v. NR1 Transport, Inc.*, No. 19-CV-32, ECF No. 63 at 1 (S.D. Tex. Apr. 16, 2021).

6. Here, there is no potential or actual conflict in the interests between minor C.J. and his father, F.C.

7. Settling this matter pursuant to the proposed Settlement Agreement is in the best interest of C.J. and fully protects C.J.'s interests while avoiding the delay and risks of a trial. The Settlement will provide the benefits necessary to redress C.J.'s claimed injuries.

8. The attorney's fee agreement between Plaintiffs and their attorneys is consistent with 28 U.S.C. § 2678 and with the requirements established by the Massachusetts Supreme Judicial Court. All of Plaintiffs' attorneys in this matter are waiving their fees.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order approving the Settlement on behalf of minor C.J. pursuant to the proposed Settlement Agreement and further authorizing F.C. to execute all necessary instruments, including, but not limited to, the proposed Settlement Agreement, to complete the Settlement on behalf of C.J. A Proposed Order is attached as Exhibit B.

**RULE 7.1 CERTIFICATION**

Counsel for Plaintiffs hereby certify that they conferred with counsel for Defendant, and Defendant does not oppose the relief sought in this Motion.

Date: June 28, 2024

*/s/ Joseph M. Cacace*
Joseph M. Cacace

Respectfully submitted,

C.J, by and through his father and next friend F.C.,

By their attorneys,

Date: June 28, 2024

*/s/ Joseph M. Cacace*

Howard M. Cooper (BBO # 543842)
Joseph M. Cacace (BBO # 672298)
Keval D. Kapadia (BBO #709323)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
hcooper@toddweld.com
jcacace@toddweld.com
kkapadia@toddweld.com

David A. Vicinanzo (*pro hac vice*)
Nathan P. Warecki (BBO# 687547)
NIXON PEABODY LLP
53 State Street, Exchange Place
Boston, MA 02109
(617) 345-1000
dvicinanzo@nixonpeabody.com
nwarecki@nixonpeabody.com

Derege Demissie (BBO # 637544)
DEMISSIE & CHURCH
929 Massachusetts Avenue, Suite 01
Cambridge, MA 02139
(617) 319-2399
dd@demissiechurch.com

Jeff Goldman (BBO # 548056)
THE LAW OFFICES OF JEFF GOLDMAN LLP
125 Washington Street, Ste. 204
Salem, MA 01970
(781) 704-3897
Jeff@jeffgoldmanimmigration.com

Iván Espinoza-Madrigal (*pro hac vice* forthcoming)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110

(617) 988-0624
iespinoza@lawyersforcivilrights.org

**CERTIFICATE OF SERVICE**

I, Joseph M. Cacace, hereby certify that this document has been filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date: June 28, 2024

*/s/ Joseph M. Cacace*
Joseph M. Cacace