UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| K.O., and E.O., Jr. by and through their parents and next friends, E.O. and L.J.; and C.J., by and through his father and next friend F.C.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 20-12015-MRG |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated and agreed by and between the undersigned Plaintiff (meaning minor C.J., by and through his father and next friend, [redacted]),[1] and any person, other than the Defendant and the Parties' attorneys, signing this agreement waiving and

[1] On November 22, 2022, the court granted Plaintiffs' request to proceed under pseudonyms in the above-captioned case. *See* ECF No. 71 for court's order and ECF No. 40 for Plaintiffs' motion/petition.

releasing claims, whether or not a party to this civil action), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the Parties," by and through their respective attorneys, as follows:

1. The Parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation. This release does not apply to or affect in any way any claims for immigration relief, which Plaintiff may have or may advance against the United States or any non-monetary relief to which Plaintiff may be or become entitled by virtue of any class action lawsuit.

2. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiff. This Stipulation is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. In consideration for Plaintiff's agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiff the amount Eighty Thousand Dollars ($80,000) (hereinafter "Settlement Amount") as follows:

a. Within five (5) business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) Order(s) approving the settlement and authorizing an individual or entity to sign on behalf of any minor or legally incapacitated adult; (3) the Social Security number or tax identification number of Plaintiff and Plaintiff's attorneys; (4) Plaintiff's attorney's bank account number, bank routing information, and all information required for an electronic funds transfer ("EFT") of the Settlement Amount; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the United States Treasury, requesting an EFT for the Settlement Amount, made payable to the "Todd & Weld, LLP. IOLTA Account." Plaintiff's attorneys agree to distribute the Settlement Amount to Plaintiff, in accordance with the terms and conditions of this Stipulation.

b. With respect to the payment of the Settlement Amount, Plaintiff stipulates and agrees that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust. Plaintiff further stipulates and agrees that Plaintiff, Plaintiff's attorney(s), any Guardian Ad Litem, and Plaintiff's representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to

structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.b. precludes Plaintiff from purchasing non-qualified annuities after Plaintiff has received the Settlement Amount, but Plaintiff agrees not to represent to any person, entity, or agency that Plaintiff is purchasing qualified structured settlement annuities, and Plaintiff agrees not to attempt to purchase such structured settlement annuities.

c. Plaintiff stipulates and agrees that Plaintiff's attorneys shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, whether disputed as legally valid or not, and shall not distribute to Plaintiff any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

d. The Parties agree that any attorneys' fees owed by Plaintiff relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount. 28 U.S.C. § 2678. The Parties further agree that any such attorneys' fees, along with Plaintiff's costs and expenses incurred in bringing the above-captioned action, and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation,

shall be paid out of the Settlement Amount, and not in addition thereto. The Parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

4. Plaintiff and Plaintiff's guardians, Guardian Ad Litem (if any), heirs, executors, administrators, and assigns hereby accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of C.J., or damage to property, and the consequences thereof, which Plaintiff or his heirs, executors, administrators, or assigns have had, now have, or hereafter may have against the United States on account of the acts or omissions that gave rise to the above-captioned action.

Plaintiff, on behalf of himself, his respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys,

from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiff has had, now has, or hereafter may have on account of the acts or omissions that gave rise to the above-captioned action, as well as claims relating to or arising out of the acts or omissions that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiff and Plaintiff's guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiff and Plaintiff's guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, or Medicaid (including the State of Massachusetts) arising from the acts or omissions that gave rise to the above-captioned action. Plaintiff stipulates and agrees that he will satisfy or resolve any and all such past, present, and future liens or claims for payment or

reimbursement asserted by any such individual or entity. Plaintiff agrees that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiff, he will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiff's attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5. This compromise settlement is specifically subject to each of the following conditions:

a. The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the Parties, as set forth in this Stipulation.

b. The Parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The Parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement

renders the entire Stipulation and the compromise settlement null and void. The Parties must agree to the terms, conditions, and requirements of this Stipulation before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

c. Plaintiff must obtain, at his expense, approval of the settlement by a court of competent jurisdiction on behalf of C.J.. The Order approving the settlement on behalf of C.J. may be obtained from either the United States District Court for the District of Massachusetts or a state court of competent jurisdiction. The terms of any court Order, a draft of which shall be provided by the United States, are a condition of this settlement. Plaintiff agrees to obtain such approval(s) in a timely manner: time being of the essence. Plaintiff further agrees that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner. In the event Plaintiff fails to obtain such court approval(s), the entire Stipulation and the compromise settlement are null and void. Plaintiff must obtain such court Order before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

d. Plaintiff must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the acts or omissions that gave rise

to the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiff in obtaining a Release and Waiver from any alleged tortfeasor. Before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiff must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.d., or (ii) a written representation by Plaintiff's attorneys stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiff's records and files, Plaintiff and his attorneys are unaware of any such potential tortfeasor.

e. Plaintiff must obtain an order from the United States District Court for the Massachusetts dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above captioned action, this settlement, or the United States.

6. The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7. Plaintiff shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements. Plaintiff executes this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiff agrees that he is responsible for the payment of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds. Plaintiff executes this Stipulation without reliance on any representation by the United States as to the application of any such law. Plaintiff, on behalf of himself and his guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8. Plaintiff represents that he has read, reviewed and understand this Stipulation, and that he is fully authorized to enter into the terms and conditions of this agreement and that he agrees to be bound thereby. Plaintiff further acknowledges that he enters into this Stipulation freely and voluntarily. Plaintiff further acknowledges that he has had sufficient opportunity to discuss this Stipulation with his attorneys, who have explained the documents to Plaintiff, and that Plaintiff understands all of the terms and conditions of this Stipulation.

9. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the Parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

**FOR THE MINOR PLAINTIFF C.J.**

_________________________________________________ Dated: ____________

[redacted], father and natural guardian of C.J.

**Attorneys for the Plaintiff**

_________________________________________________ Dated: ____________

Joseph M. Cacace (BBO #672298)

Keval D. Kapadia (BBO #709323)

Todd & Weld LLP

One Federal Street, 27th Floor

Boston, MA 02110

(617) 720-2626

**FOR THE DEFENDANT,**

**UNITED STATES OF AMERICA,**

_____________________________________________ Dated: ___________

Rayford A. Farquhar
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100